VAUGHAN & BARNES v. JAMES T. GOOCH AND AARON PRESCOTT.

*Consent Judgment—Judicial Sale—Opening Biddings—Motion in the Cause—New Action.*

1. An order or judgment entered by consent, cannot be set aside or modified, unless by consent, except for fraud or the mistake of both parties.

2. Where such order or judgment is interlocutory, it may be corrected for such reasons, by a motion in the cause; but if it be a final judgment it must be done by a civil action.

3. Where an interlocutory order, made by consent, directs the judicial sale of land, the parties to the action cannot change the terms of the order by consent, in a manner detrimental to the interest of a purchaser at such sale.

4. A consent order directed a sale of certain lands by a commissioner, that said commissioner execute a deed to the purchaser, and further directed him how to apply the proceeds of the sale, but contained no provision for re-opening the biddings. After the sale, an advance of ten per cent. was offered on the amount bid; *Held,* that the refusal by the Superior Court to open the biddings was proper.

5. Where in such case, the Judge bases his refusal on the ground that he has no power to open the biddings and order a resale, he will be understood as meaning that its exercise under the circumstances would be unwarrantable, and that he has no *legal* power to grant such motion.

(*Mebane* v. *Mebane,* 80 N. C., 34; *Wilcox* v. *Wilcox,* 1 Ired. Eq., 36; *Edney* v. *Edney,* 81 N. C., 1; *Stump* v. *Long,* 84 N. C., 616; *McEachern* v. *Kerchner,* 90 N. C., 177; *Ex parte Yates,* 6 Jones' Eq., 212; *Ashbee* v. *Cowell,* Busb. Eq., 158; *Pritchard* v. *Askew,* 80 N. C., 86, cited and approved).

MOTION to re-open biddings and order a resale of lands, heard before *Gudger, Judge,* at Fall Term, 1884, of HALIFAX Superior Court.

His Honor refused the motion, and the defendant Gooch appealed.

*Messrs. Day & Zollicoffer*, for the plaintiffs.
*Messrs. Mullen & Moore*, for the defendant.

SMITH, C. J. This action is instituted for foreclosure, by sale of the land mentioned in the complaint, which had been conveyed by mortgage deed from the defendant Prescott to the defendant Gooch, to secure the payment of certain notes under seal executed to the latter, and which Gooch has assigned together with the mortgage, to the plaintiffs, as collateral security for his own indebtedness to them.

The summons was duly issued and served upon both defendants, and at the return term thereof a judgment was entered in these words:

" This cause coming on to be heard, and it being made to appear to the court that proper service of the summons has been made on the defendants, and it further appearing that no answer or demurrer has been filed to the complaint; now, on motion of plaintiffs and by consent of all parties, it is adjudged that the mortgaged premises in the complaint described, and hereinafter set forth, be sold by A. C. Zollicoffer, who is hereby appointed a commissioner for that purpose, to raise the amount both principal and interest that is due to the plaintiffs, the sum of $4,878.00 with interest on $3,646.88 from the 1st day of this term till paid, said sale to be made for cash after thirty days advertisement in the Roanoke *News*, a newspaper published in the town of Weldon—said sale to be made in the town of Weldon, North Carolina; that the plaintiff or any other party to this suit may become the purchaser at such sale; that the commissioner execute to the purchaser a deed of the premises sold ; that out of the proceeds of the sale after deducting his fees and expenses on such sale, he pay to the plaintiffs $4,878.70 with eight per centum interest on $3,646.88 from the first day of this term till paid; that he take

the receipt of the plaintiff for the amount so paid him and file the same with his report of sale; and that the purchaser be let into possession of the premises upon the production of the commissioner's deed. That the said commissioner pay the surplus, if any, within ten days, into the office of the clerk of this court, there to be held till the further order of said court, and that he make a report of such sale, and file it with the clerk of this court.

" And it is further adjudged that the defendants and all persons claiming under them or any or either of them after the commencement of this action, be forever barred and foreclosed of all right, title and interest and equity of redemption in said mortgaged premises so sold, or any part thereof."

Pursuant to its requirements the commissioner advertised and offered the land at public sale, when it was bid off by the defendant Gooch, at the price of $2,900. He failed to comply with the conditions of sale, and the land was again put up and bought by R. W. Daniel, he being the last and highest bidder, for the sum of $2,600, to which he had limited his agent who run the bids up to the sum reached at the first sale. The money was paid to the commissioner, who thereupon conveyed title and made report to the next (Spring) Term, 1884, after which no further action in the premises was asked or taken. Indeed, nothing more was required beyond making a disposition of the fund.

At the succeeding term, after verbal notice to all the parties, the defendant Gooch moved the court to re-open the biddings for an alleged insufficiency of price, supporting his motion by an offer from R. R. Anderton to raise the bid by an additional ten per cent., and the deposit of the money in the clerk's office to assure its performance.

At the same time the purchaser, who had gone into possession under his deed, asked for a confirmation of the commissioner's reported sale. No opposition was made by the plaintiffs to the motion for a resale of the land. The Court, reciting in the judgment the previous action in the case, the facts of which we have summarily set out, refused both motions "on the ground

that he had not the power to do so, being concluded by the decree of Fall Term, 1884." From this ruling the defendant Gooch alone appealed.

The simple question before us, is whether the Judge could vacate and set aside what was done in strict accordance with the directions for the sale and in the plain execution of them, upon a mere proposal to enlarge the bid by a ten per cent. advance.

The proper practice in decretal orders of sale made by the court, as recognized and explained in *Mebane* v. *Mebane*, 80 N. C., 34, is to require the commissioner to report the bid for confirmation, until which it is but an unaccepted offer on the part of the bidder. But the parties are free to depart from this rule of practice, and by agreement make other conditions, assimilating the sale to that made by the sheriff, which requires no confirmation. It becomes, in a measure, a contract entered of record and binding on both.

The judgment, or, as it is termed, the decree, is, by consent the act of the parties rather than of the court, and it can only be modified or changed by the same concurring agencies that first gave it form, and whatever has been legitimately and in good faith done in carrying out its provisions must remain undisturbed. The authorities to this effect are simple and decisive among our own adjudications. In *Wilcox* v. *Wilcox*, 1 Ired. Eq., 36, Gaston, J., declares a decree rendered by consent, to be in truth the decree of the parties, and in such a decree, *stat pro ratione, voluntas—their will is a sufficient reason.*

In *Edney* v. *Edney*, 81 N. C., 1, Dillard, J., says that " a decree by consent, as such, must stand and operate as an entirety, or be vacated altogether, unless the parties by a like consent, shall agree upon and incorporate into it an alteration or modification." If a clause be stricken out, he adds, " against the will of a party, then it is no longer a consent decree, nor is it a decree of the court, for the court never made it."

" A consent order may be set aside and declared void," in the words of Ruffin, Judge, in *Stump* v. *Long*, 84 N. C., 616, "if

the consent be procured by fraud, just as any other contract may be, but this, as said by Judge Dillard in *Edney* v. *Edney, supra*, must be done by a civil action on the ground of fraud and imposition, and cannot be done by motion."

The latter part of the remark has reference to a final, as distinguished from an interlocutory order, for in the latter case, upon sufficient ground, such as fraud or circumvention, the correction may be made by petition and motion in the pending action, as stated by Merrimon, Judge, in the recent case of *McEachern* v. *Kerchner*, 90 N. C., 177.

Now it is too manifest to require argument, that to annul what is done in good faith, and in precise conformity to the terms and requirements of the decretal order of sale, (and it embraces as well the making of title to the purchaser as receiving the purchase money), is *pro tanto* an abrogation of the order itself, for otherwise, in the absence of any allegation of collusion, fraud or misconduct in the commissioner, or in others in suppressing bidding and preventing the free action of bidders, the authority and command sanction what has been done.

The relations of a purchaser to the decretal order under which he buys, give him an immediate and direct interest in having it remain undisturbed, for the protection of his acquired right or estate. Between the parties to the action and himself, it is in the nature of a contract, which they, even by consent, ought not to be allowed to modify or change to his prejudice and injury. Their obligation to adhere to the integrity of the order, consummated by a sale and conveyance, is analogous to that of a vendor to his vendee, and the Court will not render its aid in disturbing the acquired estate, merely because some one offers to pay a larger sum for the property. The authority ought not to be revoked to impair rights which have been created by its exercise. The purchaser under a confirmed sale becomes, in a measure, a party to the cause, passes under the control of the Court, and may be made to perform his contract, as in case of a bill to enforce special execution, prosecuted in a court of equity. *Ex-parte Yates*, 6 Jones Eq., 212.

The case is quite as strong for the purchaser as if his offer had been accepted and the sale confirmed under the usual decree.   In truth and in legal effect, the confirmation is conveyed in the authority conferred to sell and make title, and the rights thus acquired are not less entitled to protection.   Certainly the Court will not lend its aid in impairing those rights, or taking them away, upon the mere pretext that a better bargain can now be made with another.

In *Ashbee* v. *Cowell*, Busb. Eq., 158, when an application very similar was made, it is said by the Chief-Justice, " we can imagine no ground, other than fraud, upon which this Court can assume jurisdiction to set aside a sale and open biddings a year after the sale *has been confirmed*, (the italics are in the opinion), and after the purchaser has been put into possession and has made outlays in repairs and improvements so that he cannot be put *in statu quo.*"

Referring to the mischievous consequences of setting aside sales made under such circumstances, he adds, " Any practical mind will see at once that an attempt to make property bring its full value by opening the biddings after the sale has been confirmed, must defeat its own object; because no man will play at a one-sided game."

So remarks Dillard, J., while conceding to the court the power to set aside sales made under its authority, " but as a matter of policy it is slow to do so, and is careful not to open the biddings unless there be some special circumstances, such as *unfairness in the conduct of the sale*, want of proper notice of time and place of sale, fraud in the purchaser, and palpable inadequacy of price, and similar grounds."   *Pritchard* v. *Askew*, 80 N. C., 86, citing *Roper on Judicial Sales*, ch. 10, secs. 394 to 441.

The present motion rests for support upon no such grounds. It is not suggested that the sale was not in all respects fair, and conducted in a manner to elicit the highest bids from those present, or that there was not a full attendance of persons when it was made.   Though conducted by the commissioner under an

agency created by the order, the sale was really by the mortgagee mortgagor and assignees, to the purchaser, for the decree itself is but the embodiment of their own agreement, and it would be manifestly wrong to divest interests derived out of its execution. The undoing of a contract executed, must be the concurring work of the persons who made it.

The judge ruled that he had no power to do this at the instance of the mortgagor, and he must, of course, be understood as intending to say that its exercise, upon the case presented, would be in contravention of the established practice controlling the courts, and unwarranted by the rules of judicial procedure—that is, he had not power *legally* to allow the motion, or interfere in the consent proceeding.

There is no error, and the appellant will pay the costs of the appeal. Let this be certified to the Superior Court.

No error.                                              Affirmed.