F. W. KERCHNER v. M. A. McEACHERN et als.

*Consent Decree—Power to alter.*

1. A Court has power to set aside and vacate a consent judgment for fraud or surprise, but it cannot alter or correct it, except with the consent of all the parties affected by it.

2. In order to set aside a consent decree, on the ground that there has been a mutual mistake in the terms in which it was entered, it must appear that there was a common intention and understanding which fails to find expression in the decree.

(*Vaughan* v. *Gooch*, 92 N. C., 524; *Edney* v. *Edney*, 81 N. C., 1; *Wilcox* v. *Wilcox*, 1 Ired. Eq., 36; *Kerchner* v. *McEachern*, 90 N. C., 177, cited and approved).

CIVIL ACTION, heard before *McRae, Judge*, at February Special Term, 1885, of the Superior Court of RICHMOND county.

In a special proceeding prosecuted by the appellant and other legatees under the will of John Fairley, deceased, against the present plaintiff, to whom, on the refusal of the executor therein appointed to accept the trust, letters of administration with the will annexed had been issued, for an account and settlement of the testator's estate, before the Clerk as Probate Judge, and while there pending, the parties agreed upon a compromise, and caused a consent decree to be entered in the form following:

HENRY FAIRLEY, NANCY FAIRLEY, MARGARET ANN McEACHERN, WILLIAM GILCHRIST, ANGUS GILCHRIST, SALLY McCORMAC and E. L. McCORMAC,

        *vs.*

F. W. KERCHNER, Administrator of JOHN FAIRLEY, deceased.

Superior Court of Richmond County.

This cause coming on to be heard, and all of the parties being present in person and by counsel, by consent of all parties it is ordered, adjudged and decreed, that the plaintiffs recover of the defendant the sum of seven hundred dollars and the costs of this proceeding, in full and complete satisfaction, compromise and

discharge of all claims and demands, actions and causes of action, which the said plaintiffs have or may have, against the said defendant by reason of his administration of the estate of said John Fairley, and in particular of all matters of account in dispute in this proceeding.

D. STEWART,

*C. S. C. and Judge of Probate.*

JOHN D. SHAW,

R. T. BENNETT,

    *Attorneys for Plaintiffs.*

STEELE & WALKER,

JUNIUS DAVIS,

F. D. POISSON,

    *Attorneys for Defendant.*

At the same time, certain other papers were prepared and executed, marked in the record as exhibits B, C and D, except that some of the signatures were affixed to exhibit B a few weeks afterwards, which are as follows:

EXHIBIT "B."

RICHMOND COUNTY,
  PROBATE COURT. } *Before D. Stewart.*

HENRY FAIRLEY, NANCY FAIRLEY
  and others,
        *vs.*
FRANCIS W. KERCHNER, Adm'r of
  Estate of JOHN FAIRLEY.

Received of Francis W. Kerchner seven hundred dollars, in full settlement and compromise of all matters of dispute in the above entitled cause, in pursuance of the decree therein rendered at this date.

August 8th, 1877.

JNO. D. SHAW,

R. T. BENNETT,

*Attorneys for Plaintiff.*

## EXHIBIT "C."

STATE OF NORTH CAROLINA, }
    RICHMOND COUNTY. }

We, Henry Fairley, Nancy Fairley, Wm. Gilchrist, Angus Gilchrist, E. L. McCormac and wife Sallie E. McCormac, devisees and legatees under John Fairley's will, hereby release and forever discharge Francis W. Kerchner, administrator with the will annexed of John Fairley, deceased, from all liability to us on account of his administration of said estate, and from all claims and demands we may have against him on said account, being satisfied after a full and complete examination of the vouchers and accounts of said administrator.

Witness, our hand and seals the 8th day of August, 1877.

                        HENRY FAIRLEY, (Seal).
                        WM. GILCHRIST, (Seal).
                        SALLIE E. McCORMAC, (Seal).
                        E. L. McCORMAC, (Seal).
                        ANGUS GILCHRIST, (Seal).
                        NANCY FAIRLEY, (Seal).

## EXHIBIT "D."

STATE OF NORTH CAROLINA, }
    RICHMOND COUNTY. }

I, Francis W. Kerchner, administrator of John Fairley, and also in my individual capacity, hereby release and forever discharge Henry Fairley, Nancy Fairley, Wm. Gilchrist, E. L. McCormac and his wife Sallie E. McCormac and Margaret Ann McEachern, all of whom are legatees and devisees of said John Fairley, under his will, from all claims, demands, actions, or causes of action I may have against them on account of any sums due me from the estate of said Fairley, or against them in any other manner, except as far as there may exist in my behalf, any

right, claim or demand against them or any of them, on account of certain debts secured by mortgage on the Laurel Hill place, and as to those debts so secured, I hereby covenant that I will not sue any of the said parties upon the same. It being understood that I reserve the right to subject the lands conveyed by the mortgage made to secure the said debts, to the payment of said debts, and to enforce no other remedies against the said parties or any other property they may have received from the estate of John Fairley.

Witness my hand and seal, this the 8th day of August, 1877.

F. W. KERCHNER, (Seal).

Witness: JNO. D. SHAW.

The complaint alleges that the agreement of compromise embraces all the matters contained in the three last mentioned exhibits, and that the decree does not fully express the intent of the parties, in that, by inadvertence and mistake, it omits to refer to those papers, and incorporate them in it, nor were these papers filed with and made part of the record. The plaintiff therefore demands judgment for a reformation and correction of the proceedings, records and decree in the said special proceedings above referred to, so that they may conform to the intention and agreement of the parties, and that "the papers containing the said agreement may be filed as part of the record," and the decree made to refer thereto; and for general relief.

The answer of the defendant Margaret A. McEachern, who alone appeals from the ruling in the Court below, denies her delegation of authority to counsel who represented the other plaintiffs in the cause, to enter into any such agreement to bind her, and that she only gave her consent to have her name inserted among them, because she was advised that otherwise she would be brought into the cause as a defendant: that she knew nothing of the action of the Court, being absent until some months afterwards, when she was informed of the decree and matters of record connected therewith, and of the seven hundred

dollar receipt: nor was she aware that the plaintiff claimed that there were other or further parts of the agreement, until the plaintiff moved in May, 1881, before the clerk, to be allowed to file said papers and make them by reference, part of the decree; that as soon as she learned the contents of the plaintiff's release, (exhibit D), she refused to recognize or take any benefit under it; that this paper was never delivered to her nor to any one authorized to act on her behalf; and that at the making of said compromise, the plaintiff and his counsel were advised by Messrs. Shaw and Bennett, that they would not say that respondent would execute the release, (exhibit C), or surrender any of her rights against the plaintiff.

The respondent also sets up the defence, that the cause of action did not accrue within three years next before the beginning of the action, and that it is barred by the statute of limitations.

The parties waived a jury trial of the controverted matters, and the cause was tried before the Judge, at the Special Term of Richmond Superior Court, held in February, 1881, whose findings, so far as pertinent to the errors assigned in the appeal, are as follows:

"The three papers, B, C and D, were prepared as part of the compromise arrangement, with the decree, with the assent of two of the plaintiffs, Henry Fairley and William Gilchrist, and the plaintiff in the present action, the defendant in that. The name of the respondent Margaret A. was not inserted in the body of exhibit C, which was then signed by the plaintiffs who were present, and within two months thereafter by the others whose signatures are attached. It was never presented to her, nor did she hear of it until the making of the motion to amend the decree.

"It was prepared at the instance of Kerchner's counsel, who said, "we prefer to have the individual release," the plaintiff's counsel at the same time replying he did not deem it necessary to bind the parties; that they were bound by the receipt

and release of Kerchner. At the same time counsel for plaintiffs told the counsel for the defendant that he would not guarantee that the said Margaret A. would sign the paper. When she heard of it, she refused to be bound by it or to take benefit under the release to her and the others, nor was any portion of the money paid received by her.

"The said Margaret, on being informed that unless she consented to become a plaintiff in the special proceeding, she would be made a party defendant, then authorized Messrs. Shaw and Bennett to enter her name as plaintiff and to appear for her.

"The release executed by Kerchner, (exhibit D.), was never shown to appellant, nor was she notified of its existence.

"After the compromise, Kerchner brought his action to foreclose the mortgage upon the Laurel Hill tract, against the devisees and legatees of the testator John Fairley, and Robert N. Fairley and wife Mary J., when the two last and the said Margaret A. in their answers, set up the decree as an estoppel against the said Kerchner, to deny his possession of assets sufficient to pay all the testator's debts, including that secured by the mortgage. Thereupon he moved to correct and amend the decree, and the cause being removed to the Supreme Court by appeal, it was denied, and he commenced the present action on the 22d day of October, 1884. The defendants R. N. Fairley and wife, were not parties in the special proceeding, nor in person or by attorney were they present when the settlement was agreed on. The former was a surety to the testator's notes, and the lands conveyed in their mortgage are and were the property of the wife."

Upon the foregoing facts found, it is considered by the Court:

"That the terms of the compromise made by the attorneys representing plaintiffs and defendants in the special proceeding for account and settlement, heretofore set out, are embraced in the decree of the Probate Court, 'exhibit A' attached to the answer, and the three other papers marked 'B,' 'C' and 'D,' attached to the same, and that the failure to refer to the said papers and make them part of the decree, was by mistake and inadvertence

on the part of the counsel preparing and giving the same, it being the intention of the counsel and the parties present, that the decree should embrace the whole terms of the compromise.

"That the said decree by consent, as it was intended to be, and the compromise as set out in the decree and the three exhibits 'B,' 'C' and 'D,' was within the scope of the authority granted to said counsel by the parties. And the acceptance of the release signed by Kerchner, with the promise therein by the attorneys of record of Margaret A. McEachern, is binding upon her.

"That the plaintiff's cause of action herein is not barred by the statute of limitations, because of the attempt by plaintiff to assert his rights in the said special proceedings within three years of the discovery by him of the mistake in the decree, said discovery being made upon the filing of the answer of M. A. McEachern in the action for foreclosure, and his petition being filed May 24th, 1881, and the present action being commenced October 22nd, 1884, within one year after the denial of relief upon the petition in the Supreme Court.

"Or, if the discovery of said mistake was at an earlier date, there was no statute of limitation bearing upon the cause of action.

"No relief is demanded in this action against the defendants Robert N. Fairley and wife, and, on motion of plaintiff, a *nol. pros.* is entered as to R. N. Fairley and wife with costs.

"It is further considered that the plaintiff is entitled to the reformation of the decree as demanded in the complaint."

Judgment accordingly; defendant McEachern appeals to Supreme Court.

*Messrs. Burwell & Walker*, for the plaintiff.
*Messrs. Frank McNeill* and *T. A. McNeill*, for the defendant.

SMITH, C. J. (after stating the facts). The exceptions to the rulings of the Judge, taken by the appellant, are numerous, but may be condensed, so far as they are material to our determination of the cause, into these:

1. For that the Court did not adjudge that the decree could not be amended as proposed, and refuse relief.

2. For that the Court found, without evidence, that there was a mutual mistake in the drawing of the decree, and that it did not carry out, in its present form, the understanding of the counsel and parties.

3. For that it was adjudged that appellant had conferred authority upon counsel to enter into and bind her by said compromise.

4. For that it was not ruled that the action was barred by the statute of limitations.

It will be noticed that the complaint does not state in precise terms the omitted and agreed matter sought to be inserted in the decree; and not more definite is the demand for relief. Its object seems to be merely to introduce a clause referring to the other papers, and constituting them thereby parcel of the decree itself; and this in face of the undenied fact that the release was executed by only two of the persons whose signatures and seals it bears, and not by the other four until some time afterwards, and while it contains in its body the names of all who actually execute it, it omits the appellant's name altogether. The result contemplated in the proposed modification, is nothing less than to impose upon her the obligations voluntarily undertaken by the other plaintiffs in that proceeding.

1. We have not in our researches found any precedent which supports the present application, nor any authority for the exercise of the power invoked to amend or change a decree entered by consent against the will of any of the parties to it. There can be no question of the authority of the Court to vacate or set aside a consent decree procured by fraud, as any other decree brought about by means which, in equity, call for and justify an intervention of the Court for the relief of the wronged party.

"I see no reason to doubt," says TUCKER, President of the Court of Appeals of Virginia, delivering the opinion in *Anderson* v. *Woodford*, 8 Leigh, 328, " that an original bill will lie to

set aside a decree (he is discussing a consent decree) obtained by surprise as well as one obtained by fraud;" and indeed the surprise which forms a ground for equitable relief may be classed with frauds.

In *Vaughan* v. *Gooch*, 92 N. C., 524, the nature of such decrees or judgments came up for consideration, and we quoted with approval the language of DILLARD, J., in *Edney* v. *Edney*, 81 N. C., 1, where he says " a decree by consent, as such, *must stand and operate as an entirety, or be vacated altogether, unless the parties by a like consent shall agree upon, and incorporate into it an alteration or modification,*" and if a clause be stricken out, he adds, " or (as we think) if a clause be inserted therein against the will of a party, then it is no longer a *consent decree,* nor is it the decree of the Court, for the Court never made it."

And so we held in the case from which the recited extract is taken, following what was said by GASTON, J., in *Wilcox* v. *Wilcox*, 1 Ired. Eq., 36, and in other subsequent cases, " the decree is, by consent, the act of the parties rather than of the Court, and it can only be modified or changed by the same concurring agencies that first gave it form," &c.

When this case was before us upon a motion to amend (90 N. C., 177), MERRIMON, J., speaking for the Court, uses this language: " The appellant does not consent to the filing of the papers, or the correction prayed for; on the contrary she refuses to do so, and assigns sundry grounds, specified in her answer to the petition, why she will not. It is very clear that the *Court cannot amend the judgment.* We do not intend to intimate that the defendant could not have redress by a proper action, notwithstanding this decision," manifestly having reference to the equity suggested to have the judgment put out of the way for surprise, fraud or other sufficient cause. We are not prepared to concede that the relief here asked, which proposes, not to vacate the decree and remove the obstacle which it interposes in the way of the foreclosure suit, but to amend and modify, and allow it to re-

main when amended and modified, in full force, as a consent decree among the parties.

2. But passing by this difficulty, the appellant's second exception rests upon an alleged absence of evidence to sustain the finding, or rather the conclusion drawn from the facts found, "that the failure to refer to the other papers, and make them part of the decree, was by mistake and inadvertence on the part of the counsel preparing the same, it being the intention of the counsel and parties present, that the decree should embrace the whole terms of the compromise."

The testimony abundantly shows that all these papers were embraced in the agreement, and together constitute the compromise as a full and final adjustment of the matters.

The testimony of Mr. Davis, and of the other counsel of Kerchner is, that while "he does not recollect that there was any specific agreement that exhibits A. B. and C." (intending exhibits B. C. and D. as is obvious) "should be filed with the decree, but it was certainly and clearly agreed, and distinctly understood, that the decree was a compromise decree, and upon the terms set forth in the said several exhibits."

The testimony of Kerchner is substantially similar, except that he adds that these papers "were to be filed with the decree, though this may not have been expressly mentioned and agreed upon."

Examining the testimony, we do not discover that it is any where shown that the decree is not in the form "intended by all the parties, or that there was any *mutual mistake* as to provisions which were to be, and are not inserted in it. It must appear that is was a *common intention and understanding* which fails to find expression in the instrument, before any change can be made.

We think the objection well taken that there is no evidence that the decree should embody the matter contained in the other writings contemporaneously executed.

3. The remaining exception to be considered, is to the ruling that the appellant is bound by what was done, as a party on whose behalf her counsel acted in entering into the agreement.

It is not necessary to discuss the question of the authority of counsel to be inferred from his appearing of record, to bind the client in the manner here alleged, and which embraces matters outside the conduct and disposal of the action in which he is retained, as is ruled by the Court.

The appellant did not become a party to the release, (exhibit C), nor does it seem upon its face to have been prepared for her to execute with the others. Furthermore it was shown, and so the Court finds the fact to be, that her counsel said to the counsel of Kerchner, that he could not guarantee that she would sign the release, or in other words undertake to bind her to perform this part of the agreement.

While the concurring testimony is, that the counsel for the plaintiffs in that suit, undertook to act for all, including appellant, it was accompanied with this disclaimer of authority as to her, and to that extent.

We are unable to see how the legal liability of the parties would be affected by the filing of the outside papers with the decree, unless by reference they become incorporated in it, and its essential conditions; and we think there was no evidence on which the Court could find that such was intended to be the form of the decree; and that in consequence of a *mutual mistake* was left out in drafting it. We are not called upon to consider, nor do we intend to express an opinion, upon the question of the legal right of the appellant to avail herself of the decree as a defence to the foreclosure proceedings, and repudiate at the same time, the other parts of the one agreement which comprises the compromise as an entirety.

Our only purpose is to decide, and we only do decide, that there is error in the ruling in the present action, by which the decree is sought to be itself changed in form and effect.

Upon this ground, we reverse the judgment, and this will be certified to the end that a new trial be had in the Court below, and that the same may there be proceeded with according to law.

Error.                                                        Reversed.