MASSEY v. BARBEE.

(Filed April 11, 1905).

*Consent Judgment—Construction.*

1. A consent judgment providing that a basement hall shall be for the joint and common use and unobstructed enjoyment of the parties; that a space therein used as a stairway shall remain for their joint use and unobstructed enjoyment, and that said stairway shall be repaired at their joint expense and that said basement hall and stairway shall be used only for ingress and egress by the plaintiff, gives the plaintiff no right to use or occupy the closets under the stairway or its landing or to have any change made in the interior structure of the building so that light can be admitted through the windows to the stairway.

2. The law will not inquire into the reason for making a consent decree, it being considered in truth the decree of the parties, though it be also the decree of the court, and their will stands as a sufficient reason for it, and it must be interpreted as they have written it.

ACTION by R. Massey against W. R. Barbee and wife, meard by *Judge Henry R. Bryan,* at the October Term, 1904. of the Superior Court of DURHAM County, upon a case agreed.

This action was brought to have declared and enforced the rights of the plaintiff under a consent judgment entered in a former action between the same parties, which judgment is as follows: "This cause coming on to be heard before NEAL, J.: it is ordered and adjudged, both plaintiff and defendants in open court through their counsel consenting thereto, that the defendants are the owners of the lot, the eastern boundary of which is the line D to E ("plastered wall") of the plot hereto attached, projected to D in front and to E in the dotted line L-M in rear of said lot, which said dotted line is adjudged to be the southern boundary of defendant's lot, and that the plaintiff is the owner of the lot, the western boundary

MASSEY *v.* BARBEE.

THE FOLLOWING IS THE MAP REFERRED TO IN THE OPINION:

of which is described by the line H to M ("brick wall") of
the plot hereto attached. Said defendants are entitled to
hold and possess the lot herein adjudged to belong to them
and the plaintiff is entitled to hold and possess the lot herein
adjudged to belong to him, respectively in fee simple, and it
is further ordered and adjudged that there shall be built in
the basement under the storehouse of said defendants, on
their lot as indicated on said plot, a partition wall to be con-
structed of wood, brick or other material as the said parties
to this action may agree upon, and that the said partition
wall shall be built along said dotted line marked on blue print
"B C"; that said partition wall and a front and rear door
thereto shall be built and maintained at the equal and joint
expense of the parties hereto, their heirs and assigns. It
is further ordered that the said basement hall between the
lines marked on said plot designated as "brick wall" and the
said dotted lines "B. C" shall be for the joint and common
use and unobstructed enjoyment of the said Rufus Massey,
his heirs, assigns and tenants and of the said W. R. and
Virginia Barbee, their heirs, assigns and tenants. It is
further ordered that the space between the line "D-E" and
the "brick wall" which is now used as a stairway shall be
and remain for the joint and common use and unobstructed
enjoyment of the said plaintiff Rufus Massey, his heirs,
assigns and tenants, and the defendants W. R. and Virginia
Barbee, their heirs, assigns and tenants. It is further
ordered and adjudged that the said stairway shall be repaired
at the joint and common expense of the parties hereto, their
heirs and assigns. It is further ordered that the basement
hall aforesaid and the portion of said lot between the line
"D-E" and the line marked "brick wall," the stairway afore-
said, shall be used only for ingress and egress by said
plaintiff, his heirs, assigns and tenants, to and from their
respective buildings. It is further ordered and adjudged
that the plaintiff and defendants pay their respective costs

MASSEY *v.* BARBEE.

in this action incurred, to be taxed by the clerk of this court. It is further ordered that the clerk of this court have this judgment and attached plot registered in the office of the Register of Deeds of Durham County."

The hearing in the court below was upon a case agreed, which need not be set out, as facts sufficient for an understanding of the same are stated in the opinion of this court. Judgment was given against the plaintiff who excepted and appealed.

*Manning & Foushee,* for the plaintiff.

*Winston & Bryant* and *Graham & Graham,* for the defendants.

WALKER, J., after stating the facts.    It is stated in the case agreed that there has been no change in the building of the plaintiff or the building of the defendants, or in the stairway or other parts of the space between the brick wall and the plastered wall, as shown on the diagram filed in the case, except in the basement which has been made to conform to the requirements of the consent judgment ascertaining and declaring the rights of the respective parties in the premises. The plaintiff claims and asks to be let into the possession and enjoyment of a one half interest in certain closets under the stairway and its landing, and also asks for the removal of certain wooden walls or partitions erected by the defendants to make bed rooms or offices, which obstruct the light from a window in the front end of the building and thereby darken the stairway.    The former judgment of the Superior Court, which was entered by the consent of the parties and under which the plaintiff makes his claim and asks for relief, is not very definite in its terms, but we cannot see after a most careful examination that there has been any violation of it or any invasion of the plaintiff's rights in the property as declared therein.    He must abide by that judgment as it

was written with his consent. The court cannot change it, but can only construe its provisions.

The consent judgment provides with some particularity for the repair of the basement hall and for its joint use and occupancy by the parties and also for the joint and unobstructed use of the stairway in the space between the line "D E" and the "brick wall" and for the repair of the stairway at the joint and common expense of the parties. It is also provided "that the basement hall and the portion of said lot between the line 'D E' and the line marked 'brick wall' (the stairway aforesaid) in said plot shall be used only for ingress and egress by the plaintiff, his heirs, assigns and tenants to and from their respective buildings."

It appears, we think, from our recital of the material parts of the consent judgment, that no change in the occupancy of the building, other than that set out, was contemplated by the parties. It seems clear to us that the provision as to the use of the basement and the stairway by the plaintiff and the fact that reference is made only to those portions of the building, exclude the idea of an intention by the parties that the plaintiff should use or occupy any other portion, such as the closets, under the stairway and its landing, or that any change should be made in the interior structure of the building so that light can be admitted through the windows to the stairway. If such had been the intention, some provision would certainly have been made in the consent judgment for effectuating it, or at least some reference would have been made to it. We find no expression in the judgment indicative of such an understanding, and there is no rule of law by which we are authorized to read it into the contract of the parties, or by construction to give the latter a meaning which its words will not warrant. We have no more right to construe the agreement of the parties contrary to its spirit and intent than we have to vary or modify its terms without the consent of the parties. The rights of the parties must

be determined solely by the judgment to which they have assented. "The judgment, or as it is termed the decree, is by consent the act of the parties rather than of the court, and it can only be modified or changed by the same concurring agencies that first gave it form, and whatever has been legitimately and in good faith done in carrying out its provisions must remain undisturbed." *Vaughan v. Gooch,* 92 N. C., 524. And in *Edney v. Edney,* 81 N. C., 1 *Dillard J.,* says for the court: "A decree by consent as such must stand and operate as an entirety or be vacated altogether, unless the parties by a like consent shall agree upon and incorporate into it an alteration or modification. If a clause be stricken out against the will of a party, then it is no longer a consent decree, nor is it a decree of the court, for the court never made it." The law will not even inquire into the reason for making the decree, it being considered in truth the decree of the parties, though it be also the decree of the court, and their will stands as a sufficient reason for it. *Wilcox v. Wilcox,* 36 N. C., 36. It must therefore be interpreted as they have written it and not otherwise, and thus construed we cannot see that the plaintiff has at present any cause of action against the defendants, so far as appears from his complaint.

We decide merely that the plaintiff cannot have the relief he seeks, but that the parties are entitled to use and enjoy the space between the two walls (including the basement, the occupancy of which is specially provided for), as they have been accustomed to do since the consent judgment was entered and in accordance with its plain directions. How the rights of the respective parties will be effected by any change in the stairway or other interior structures and what right, interest or estate they may have acquired by the consent judgment in the land, or space between the walls as it is called in the case, are questions which we leave undetermined, as it is not necessary they should now be decided. Our

judgment is therefore given without prejudice to any future consideration and decision of those matters, or to the assertion of any right by either party under changed conditions and circumstances. We do not think it will serve any useful purpose to state more fully the reasons which have led us to our conclusion.

No Error.