A. N. ROGERS v. J. E. SLUDER ET AL.

(Filed 25 May, 1908.)

**Processioning—Surveyor—Consent Judgment—Compliance—Jurisdiction—Fraud or Mistake.** ·

In proceedings for the processioning of lands consent judgment was entered in the Superior Court, to which the case, on issue joined, had been transferred, that the plaintiff was the owner and entitled to the quiet possession of the land, the boundary to which was in dispute; that a surveyor be appointed to run, mark and establish the corners and lines and file a report of same with the Clerk, to be recorded as a part of the minutes in the action. The surveyor, after notice and in the presence of the parties and others, located the line and made full report to the court, including a map of the lands located: *Held*, (1) under Revisal, sec. 614, the Judge in term time had full jurisdiction to hear and determine all matters in controversy and enter the judgment as above; (2) the court subsequently had no power to modify or set the judgment aside, except for fraud or the mistake of both parties.

PROCEEDINGS instituted before the Superior Court of Buncombe County to procession lands of plaintiff set out and described in the petition, transferred, on answer filed by defendants, to the civil issue docket of the Superior Court of BUNCOMBE County, where final judgment was entered in plaintiff's favor by *Guion, J.,* at October Term, 1907.

Defendants excepted and appealed.

*Mark W. Brown* and *Wells & Swain* for plaintiff.
*H. B. Carter* and *W. P. Brown* for defendants.

HOKE, J. The plaintiff filed his petition alleging owner-
ship of a tract of land within a given boundary, fully and
properly set out; and, defendants having answered, the cause
was transferred to the civil issue docket of the Superior Court
of Buncombe County, and at September Term, 1906, of said
court a consent judgment was entered, by which it was de-
clared that the plaintiff was the owner of the land and prem-
ises described in the complaint, and entitled to the quiet and
peaceable possession of same; and the judgment proceeded
further, as follows:

"And it having been further agreed between the parties
hereto that the court appoint a competent surveyor to run and
mark the corners and lines of said land and premises, as above
described, it is further ordered and adjudged that A. A.
Hamlet be and he is hereby appointed an officer of this court,
to survey and mark out the lines and corners of the above-
described tract of land, including the lines between the plain-
tiff and defendants, and that the lines so marked out by said
A. A. Hamlet and the corners so established by him shall
become and remain the fixed lines and corners of the plain-
tiff's tract of land. Said A. A. Hamlet shall forthwith pro-
ceed to make said survey in accordance with this order, and
file a report of same with the Clerk of this court, to be re-
corded as a part of the minutes in this action."

Pursuant to this judgment the surveyor appointed notified
the parties and, in the presence of plaintiff, defendants and
others, surveyed and located the lines of the boundary set out
and described in the petition and judgment, and on 12 Jan-
uary, 1907, made full report of his action to the court, in-
cluding a map of the lands as located by him. Defendants
filed several exceptions to the report, alleging various errors
therein, and at October Term, 1907, before his Honor, *Guion,
J.,* moved the court as follows:

"1. To set aside the judgment heretofore rendered in said
cause, at September-October Term, 1906, of the Superior

Court of Buncombe County, because the court had no juris-
diction to render said judgment and because said judgment
was irregular and contrary to the course and practice of the
court.

"2. To remand said cause to the Clerk of the Superior
Court of Buncombe County with directions to proceed therein
according to law.

"3. To set aside the report of A. A. Hamlet, surveyor,
heretofore filed in this cause, because the survey referred to
in said report was incorrectly made and contrary to the direc-
tions given in the alleged judgment heretofore rendered in
this cause, as pointed out in defendants' exception herein filed
to said report."

Defendants further demanded a jury trial on an issue as
to whether the surveyor had located the lines correctly and in
accordance with the judgment of September Term, 1906; and
moved, further, that the report of the surveyor be set aside
and the matter be referred to some other competent surveyor,
to be selected by the court.    His Honor overruled all of these
objections made by defendants to the validity of the report,
and entered judgment in substance declaring the lines as
located by the surveyor and contained in his report to be the
true boundary of the land.    There was no error in overruling
defendants' objections to the proceedings, and the judgment
by which same were confirmed and established must be af-
firmed.

The cause having been transferred to the Superior Court
on issues raised by the pleadings, under our statute (Revisal,
sec. 614), the Judge in term time had full jurisdiction to
hear and determine all matters in controversy and to enter
the judgment which was rendered.    There are no facts pre-
sented tending to establish such a departure from the judg-
ment directing a survey as to authorize or permit the court to
set such survey and report aside because same did not comply
with the judgment as rendered.    So far as appears, the sur-

veyor acted throughout in compliance with the order, and has located the lands described in the petition according to his best judgment; and, this judgment directing the survey having been entered by consent, the court had no power to "set aside or modify the same, except for fraud or the mistake of both parties." *Vaughan & Barnes v. Gooch & Prescott*, 92 N. C., 524; *Bunn v. Braswell,* 139 N. C., 135.

There was no error, and the judgment entered in the court below is

Affirmed.