VIOLET D. WALKER ET AL. v. NAT. H. WALKER ET AL.

(Filed 18 April, 1923.)

**1. Judgments—Consent—Modification.**

    A consent judgment is in effect a contract between the parties entered with the consent of the court, and resting upon their agreement it can only be changed by the court with their consent, and is enforced by the court as its judgment in accordance with its terms.

**2. Same—Inheritance—New Propositus.**

    In proceedings to partition lands the defendants pleaded sole seizin as the only heirs at law of the blood of their grandparents, the original owners, through their mother, and in their action to set aside a deed in entireties to their parents from their grandparents, for mutual mistake, and to establish sole seizin in their mother, upon the ground that the conveyance of the land was only intended as an advancement to her and without other consideration, a consent judgment was entered vesting title to a part of the lands in themselves as heirs at law of their mother, and to the other part in their father. The plaintiffs are the children of the father by a second and third marriage, and not of the blood of the original owners: *Held,* the consent judgment shut off the defendants' line of descent from the grandparents and converted the estate into one of purchase by the parties designated in the judgment, establishing thereby a

new origin and stock of descent, from whom alone a title could be acquired either by inheritance or purchase.

**3. Appeal and Error—Record.**

The record of a case on appeal to the Supreme Court should be prepared to avoid confusion and to present the facts consecutively and in regular order; and the record in this appeal is not commended.

APPEAL by defendants from *Shaw, J.,* at June Term, 1922, of BUNCOMBE.

This is a petition for partition of lands before the clerk, the plaintiffs claiming that they are tenants in common with the defendants in the lands. The defendants Nat. H. Walker and Louisa M. Walker filed an answer alleging sole seizin by them, and the case was transferred to the civil issue docket. It was heard upon the agreed statement of facts, and from the judgment in favor of the plaintiffs the defendants appealed.

The lands in question are a portion of a tract of land which prior to 1887 were owned by E. B. Kerlee and his wife, Mary Kerlee. At that time William St. George Walker, the father of the plaintiffs and of the defendants, was married to Emma Kerlee, who was a daughter of E. B. Kerlee and Mary Kerlee and mother of the defendants Nat. H. Walker and Louisa M. Walker. These two defendants are the only living children of said Emma Kerlee Walker, who died in 1901. After her death William St. George Walker married a second wife, Dolly Walker, and the plaintiffs Violet D. Walker and the other three plaintiffs are his children by said second wife. In 1914 the said Dolly Walker obtained a divorce from her husband and he married a third wife, Dolores, and the defendants Wilma P. Walker and William St. George Walker, Jr., are the children of the third marriage.

The defendants Nat. H. Walker and Louisa M. Walker were the only persons appealing in this case, claiming sole seizin of the lands described in the petition, for the reason that they are the only parties to this action who are of the blood of the purchasing ancestor (E. B. Kerlee and his wife, Mary Kerlee), from whom the lands came, they having been owned by E. B. Kerlee and wife, Mary Kerlee, the mother of Emma Kerlee Walker, who in turn was the mother of the defendants, Nat. H. Walker and Louisa M. Walker, and was of no relation to the other plaintiffs or defendants in this action.

In October, 1887, and on 30 April, 1890, the said E. B. Kerlee and wife, Mary Kerlee, conveyed the lands in controversy to William St. George Walker and wife, Emma Kerlee Walker. After the death of Emma Kerlee Walker, her children instituted a suit against William St. George Walker, their father, for the possession of these lands, and in the complaint averred that the conveyance by their grandfather, E. B. Kerlee, and wife, was an advancement to their mother, Emma Kerlee

Walker, and a portion of her inheritance from her father and mother; that the conveyance was made without any consideration whatever, except as an advancement to Emma Walker as a portion of her inheritance, and that in the final disposition of the estate of E. B. Kerlee and Mary Kerlee, the said tract of land so conveyed was charged against Emma Kerlee Walker in accordance with the intention of her ancestors when the deed was executed and delivered. They alleged that it was not intended by the grantors that by said deed William St. George Walker should own any interest in lands, except such as he would be entitled to by law as tenant by curtesy, and that E. B. Kerlee and Mary Kerlee, not being advised in law, and being ignorant of the doctrine of survivorship, the name of William St. George Walker, by mistake and inadvertence, was inserted in the deed, but that he was not entitled to any portion of said lands except his life estate as tenant by curtesy on account of his marriage to the said Emma Kerlee Walker.

The plaintiffs made other allegations against William St. George Walker, who filed an answer admitting that Emma Kerlee Walker was the daughter of E. B. Kerlee and Mary Kerlee, and that the lands were deeded by them, as aforesaid, but denying that the deed was made as an advancement to their daughter, his wife, and claiming ownership of the lands as survivor in an estate by entirety.

At October Term, 1915, of Buncombe, a compromise judgment was entered awarding a portion of the lands involved in the action to the children of the said Emma Kerlee Walker, namely, Nat. H. Walker, Charlotte M., Marian, and Louisa M. Walker, and apportioning the other part of the lands to the defendant therein, William St. George Walker, each respective party to hold their lands in fee.

Subsequent thereto, the four children of Emma Kerlee Walker partitioned the portion of lands awarded to them under the judgment above mentioned, and the lands in controversy in the case now pending were allotted to Charlotte M. Walker in the said partition proceedings. Later Charlotte M. Walker and Marian Walker died intestate without leaving any children, and the only surviving full brother and sister of the said Charlotte M. Walker are the defendants, Nat. H. Walker and Louisa Walker, they being the only surviving lineal descendants of their mother, Emma Kerlee Walker, who was the only lineal descendant of E. B. and Mary Kerlee Walker, and they claim, therefore, that they are the sole owners of the lands in controversy.

*F. W. Thomas for plaintiffs.*
*Jones, Williams & Jones for defendants.*

WALKER, J., after stating the case: Our decision must turn on the true construction and operation of the consent or compromise judgment

or decree entered at October Term, 1915, of Buncombe Superior Court. As this decree was entered by the consent of the parties to it, we cannot revoke or materially change it without their consent. The court took no part in rendering the judgment, but by the consent, and at the request of the parties to it, permitted it to be entered on its records as a memorial of it. It has the force and effect of a judgment, but only by the consent of the parties to it. It is therefore their judgment, having the force and effect of an agreement between them, and the court will undertake to enforce it, but only as it has been agreed upon and not otherwise. *Kerchner v. McEachern,* 93 N. C., 447. That case decided two propositions, as follows:

"1. A court has power to set aside and vacate a consent judgment for fraud or surprise, but it cannot alter or correct it, except with the consent of all the parties affected by it.

"2. In order to set aside a consent decree, on the ground that there has been a mutual mistake in the terms in which it was entered, it must appear that there was a common intention and understanding which fails to find expression in the decree."

The parties to the consent judgment not having mutually agreed that it may be set aside or altered in any respect, they must abide by it, as it is written in the record of the case, and this brings us to consider what is the legal effect of it upon the title to the land in dispute.

The defendants contend, as we understand them, that as they are of the blood of the first purchasers, who were, as is asserted, E. B. and Mary Kerlee Walker, they being the only lineal descendants of said couple, but this will depend upon what was the legal effect, if any, of the "consent decree" in changing the course of this descent, or, if stated differently, in establishing a new stock of descent in the defendant William St. George Walker as a new propositus (2d Blackstone, marg. p. 203) or origin of descent, so to speak. We are of the opinion, and so hold, that the defendants' contention is wholly untenable, because the course of the original descent from their grandparents, E. B. and Mary Kerlee, was abruptly terminated by the agreement and decree, and the title to one portion of the land vested in them and title to the other portion in William St. George Walker; and for a part of the land allotted to Charlotte M. Walker, in the final partition between her and her cotenants, that is, Nat. H. Walker, Charlotte M. Walker and Marian Walker, this action is brought, and how this was done is the very question we must now consider and decide. The decree (in the case of *Nat. H. Walker and Marian Walker v. William St. George Walker*) provided as follows:

"This cause coming on to be heard, and it appearing to the court that it has been compromised and settled upon the following terms (set out

below); it is therefore ordered, adjudged, and decreed that the plaintiffs are the owners in fee and entitled to the possession of the following parts of the land in controversy, to wit: Four lots (1, 2, 3, and 4) in Block 2, described in a plat duly registered in Buncombe County, and all the lands in controversy lying east of the Daugherty line and east of Ridgeway Avenue, as laid out or projected, except the lands hereinafter adjudged to belong to the defendant, and that the defendant is adjudged and decreed to be the owner in fee of the following described lands, and that plaintiffs have no right, title, or interest therein, to wit: All the lands in controversy lying on the west side of Ridgeway Avenue, except said lots 1, 2, 3, and 4 of Block 2, above adjudged to belong to the plaintiffs, and the defendant is also adjudged to be the owner in fee of the following described piece of land lying on the east side of said Ridgeway Avenue, to wit: Beginning at a stake, at the junction of said Ridgeway Avenue and the public road (therein described), and runs according to designated courses and distances, and metes and bounds, set forth therein to the beginning corner at the road, containing ten acres, with certain exceptions or reservations not material to be stated here. For greater certainty, reference is made to the original decree of October Term, 1915."

It will be seen, therefore, that by consent and agreement of the parties the several interests described in the decree were by it conveyed to and vested in the parties named therein, so that they became the owners thereof in fee, not by descent from their parents or grandparents, nor by descent at all (except from their father William St. George Walker), as claimed by the plaintiffs in this action, *Violet D. Walker et al. v. Nat. H. Walker et al.,* but they acquired their right, title, and interest in the lands by descent from their father, who acquired it by purchase under the decree of the court above set forth. The contention that the consent decree merely defined or ascertained by metes and bounds, or other particular description, the part of the land that was allotted to each of the parties, cannot be conceded, but must be repudiated, being contrary to the law as applicable to the facts. The very terms of the consent decree show that such cannot be the case. It sets forth that the parties have not settled according to their legal or equitable rights in the lands, but have compromised the litigation between themselves upon the terms specified therein, and that Nat. H. Walker and others shall own certain portions of the lands, in their own right and in fee, and that William St. George Walker shall own in his own right and in fee a certain other portion of the same, and it all clearly and distinctly excludes the idea, which is the only foundation of the conflicting claim, that any of them derive his or her share by any descent from their ancestors. If it were otherwise, William St. George Walker could not get an estate in fee, but

only a life estate, as tenant by the curtesy, by reason of the alleged descent to and ownership of his first wife, he having married three times.

It is said, however, that *Harrison v. Ray,* 108 N. C., 215, decides to the contrary, but we do not think so, when that case is properly considered. It decided three propositions, as follows:

"1. Under a deed or devise of land to husband and wife, the vendees or devisees take an estate in entirety, and upon the death of one of them the other takes the whole estate by right of survivorship.

"2. Upon an actual partition of lands among tenants in common, the tenants take their respective shares or allotments by descent and not by purchase.

"3. Where a partition was made by consent, and the tenants mutually conveyed, by deed, to each other the several allotments: *Held,* (1) the deeds conveyed no real estate (that is, no title thereto), but simply ascertained by metes and bounds the interest of each, and destroyed the unity of possession; and (2) the deeds did not operate as an estoppel, except so far as they established the extent of the interest of each tenant in his ancestor's lands."

It will be noticed that as the first two propositions laid down in that case, there is no contention between us. We admit the law to be as there stated in regard to an estate by the entireties, and as to the second, it is true that the tenants take by descent, provided they acquired their estates in that way, that is, by descent. As to the third of the propositions, if the partition is made by consent, without anything else being said, and without being qualified by any other provisions, the rule therein laid down as to the effect of the division would be correct, but here we come to the parting of the ways, as in this case there is a qualification and a new estate created, with qualities different from the original one, for it is provided in the consent decree that William St. George Walker shall take, not the estate he would acquire, if there was still a descent to and from his first wife, that is an estate by the curtesy for life, but an estate in fee simple, and if he takes because of the doctrine as to entireties being applicable, he would still have an estate in fee, but one acquired not by descent but by purchase, under the express terms of the deed to him and his wife without any qualification, so that which ever way it is given, he is in, not by descent, but by purchase. It is apparent from the face of the decree that the parties intended to change and did change the course of inheritance, or rather, to be more accurate, they put an end to it entirely, and thereby converted the estate by descent into one by purchase, establishing thereby a new origin and stock of descent from the parties named in the decree instead of from their parents, or their ancestors in blood. Only those could, thereafter, take an estate of inheritance in the land set apart to the several parties named in the

WALKER *v.* WALKER.

decree, who claimed by descent or purchase from those named therein and who took thereunder.

In *Lumber Co. v. Cedar Works,* 165 N. C., 83, we discussed and decided the question as to the effect of a deed executed under an order of the court in partition proceedings where all the interested tenants had not been made parties to the suit, and we held that the deed was good color of title and all rights would be barred by the requisite adverse possession under it, following *Amis v. Stephens,* 111 N. C., 172 (opinion by the present *Chief Justice*), and other cases. This was so held because the proceedings and the decree destroyed the tenancy, and established a new title, originating in the purchaser at the sale or under the decree. While this case is not exactly in point, it furnishes an analogy.

It was said in *Bunn v. Braswell,* 139 N. C., 135 : "The judgment of Spring Term, 1889, being by consent, is to be construed as any other contract of the parties. It constitutes the agreement of the parties made a matter of record by the court at their request. . . . The judgment is therefore to be construed in the same way as if the parties had entered into the contract by writing duly signed and delivered." *Gaston, J.,* in *Wilcox v. Wilcox,* 36 N. C., 36, said that a consent judgment "is the decree of the parties." *Dillard, J.,* in *Edney v. Edney,* 81 N. C., 1, said: "A decree by consent is the decree of the parties put on file with the sanction and permission of the court; and in such decrees the parties acting for themselves may provide as to them seems best concerning the subject-matter of the litigation." *Kerchner v. McEachern, supra; Stump v. Long,* 84 N. C., 616; *Vaughan v. Gooch,* 92 N. C., 524; *Massey v. Barbee,* 138 N. C., 84; *Bank v. McEwen,* 160 N. C., 414.

Before closing, we must say that we cannot commend the record in this case for a model, as there is some confusion in it, and the facts are not presented consecutively and in regular order. The exceptions and assignments of error appear immediately after Judge Long's judgment of October, 1915, and not after that of Judge Shaw, the one from which the appeal was taken. It would have promoted clarity of statement considerably if the stages of the proceedings had been stated in the natural order of sequence.

The learned judge who presided at the trial in the court below, Judge Shaw, was of the opinion, and so correctly decided, that plaintiffs could not claim under Charlotte M. Walker, there being no descent from her to them, because the descent was destroyed by the consent decree, and we should therefore affirm the judgment, which is now done, and it will be so certified.

Affirmed.

CLARK, C. J., dissenting.