I. T. W. HOELL AND WIFE v. W. E. WHITE ET ALS.

(Filed 13 October, 1915.)

1. **Judgment—Attorney and Client—Consent of Attorneys—Scope of Action—Pleadings.**

   Consent of the attorney alone to the entry of a judgment, given without the knowledge and consent of his client, which, in its scope, is outside of any matter set out in the pleadings, will not bind his client, a party to the action.

2. **Same—Mortgages—Cancellation—Foreclosure.**

   An action to cancel a note secured by mortgage, on the ground of payment, and asking injunctive relief against foreclosure, under the power of sale contained in the mortgage, wherein the answer does not ask foreclosure by the court or set up a counterclaim or cross action, does not embrace within its scope the entry of a consent judgment of foreclosure, but postponing the sale, and it is necessary to the validity of such judgment that the consent of the party be obtained, and the consent of his attorney thereto is insufficient.

3. **Judgments — Nonsuit — Mortgages — Findings of Jury — Payment — Foreclosure.**

   In this case it is held that a judgment of nonsuit granted by the court is only his finding that the evidence was insufficient to decree the cancellation of the mortgage, the subject of the action, and there being no finding by the jury upon the issue of payment, a decree of foreclosure was improperly entered against the plaintiff.

APPEAL by plaintiffs from *Connor, J.,* at the May Term, 1915, of
CRAVEN.

This action was brought upon the allegation that the plaintiffs' land
(40 acres) had been advertised for sale under a mortgage upon which
there was nothing due, because the plaintiffs had been induced to sign
a deed for 4 acres and a brick plant upon an agreement to cancel the
notes and mortgage, and asking for a restraining order against the sale
and a decree that the notes and mortgage executed by the plaintiffs
should be canceled of record. Upon the close of the evidence the court
sustained the motion of the defendants for a nonsuit. When the judg-
ment was tendered, the attorneys for the plaintiffs being in court, the
judge stated that if said attorneys felt it their duty to appeal he would
sign the judgment tendered, which was in the usual form, but that if
the appeal was taken in order to have the sale of the land postponed
to the fall merely, the judge would secure the consent of the defendants
that the sale should be postponed till then, and that it should then be
made under the decree of the court and not under the power of sale
in the mortgage. The plaintiffs' counsel assented to that arrangement,
and the judge, after securing the consent of defendants, directed that
the judgment be drawn out accordingly, and the same being approved
by the attorneys for the plaintiffs, signed the same, and they were in
court when said judgment was signed, though the plaintiffs themselves
were not. Later in the term one of the attorneys for plaintiffs an-
nounced in open court that the *feme* plaintiff was not satisfied with
the judgment and wished to have the same stricken out and set aside.
This the judge refused to do. The counsel who had acted for the plain-
tiffs up to that time were permitted to withdraw from the case. The
*feme* plaintiff was at that time in court, and no exception was taken
to the refusal to set aside the judgment and no notice of appeal was
given.

The plaintiffs, through their present counsel, served a case on appeal
upon the counsel for the defendants, who served exceptions to this case
on appeal upon the new attorney for the plaintiffs. In the case on
appeal as served by the plaintiffs it was stated: "It is not the purpose
of this appeal to reverse the judgment as to nonsuit," but the plaintiffs
insist that the only judgment that should have been rendered was that
of nonsuit under the Hinsdale Act.

The exceptions by the plaintiffs are that so much of the judgment as
held defendants' mortgage good and valid and directed a sale of the 40-
acre tract by a commissioner under decree of foreclosure was foreign to
the cause of action set out in the complaint, and further, that so much
of the judgment as orders the plaintiffs to make a deposit of $75 or file
a bond with the clerk was error, in that they did not consent to such

judgment; and the plaintiffs further except to so much of the judgment as finds that the holder of the deed for 4 acres, executed by the plaintiffs to defendant White, had been delivered by said White to the court, testifying that the same had been in his hands since the execution, and had not been in the hands of defendant White.

*A. D. Ward for plaintiffs.*
*Moore & Dunn for defendants.*

CLARK, C. J. Foreclosure by the court was not asked for in the answer, and there was no counterclaim or cross action set out against the plaintiffs. While a party is entitled to any relief justified by his pleadings and proof, whether a prayer to that effect is made or not, there must be *allegata* and proof to justify the judgment rendered. While courts go far to sustain judgments taken in ordinary course, with the assent of counsel, there cannot be a consent judgment entered by counsel without the knowledge or consent of the client, which in its scope is outside of any matter set out in the pleadings. This is recognized in *Hairston v. Garwood,* 123 N. C., 345.

In this case there was no pleading which justified a decree of foreclosure against the plaintiffs, and without her consent there could be no judgment agreed to by her counsel to that effect. Besides, there has been no jury finding on the issue raised by the pleadings, whether the mortgage note has been paid. Without that there could be no judgment of foreclosure. The nonsuit by the judge was simply his finding that a case was not made out by the evidence offered for plaintiffs for cancellation. It does not justify an order for foreclosure against the plaintiff.

The judgment entered for a nonsuit under the Hinsdale Act is not appealed from, but the additional entries to which the plaintiff excepted were erroneous, and must be stricken out.

Reversed.