CLEMENT RICHARDSON v. CULLEN SATTERWHITE.

(Filed 30 October, 1929.)

**Estoppel B a—Where issues are raised by the pleadings a judgment without a trial will not estop subsequent action.**

A judgment rendered as a matter of law upon pleadings which raise issues of fact determinable only by a jury, is not an estoppel between the parties and those claiming under them in a subsequent action involving the same subject-matter.

CIVIL ACTION, before *Grady, J.*, at February Term, 1929, of FRANKLIN.

The evidence tended to show that Cullen Satterwhite owned a tract of land in Franklin County, and that he had traded through a period of sixteen years with N. B. Finch, trading as N. B. Finch & Co., purchasing fertilizer and supplies, and that on 5 March, 1924, Finch represented to Satterwhite that he was indebted to him on said account in the sum of $4,811.73, and procured the execution of a mortgage upon Satterwhite's land to secure the indebtedness. Thereafter, on 2 November, 1926, Finch, mortgagee, advertised the land for sale in accordance with the terms of said mortgage. Thereupon, on 3 December, 1926, Satterwhite instituted an action in the Superior Court of Franklin County, entitled, "Cullen Satterwhite v. N. B. Finch, trading as N. B. Finch & Co.," alleging that there was a mistake in the account for that, although Satterwhite had executed said mortgage to secure the sum of $4,811.73, as a matter of fact the said Satterwhite, upon a proper accounting, owed Finch nothing, and that by reason of said mistake Finch was indebted to said Satterwhite in the sum of $2,000. Satterwhite in the complaint asked for an injunction to restrain a sale of his land "until there shall have been an accounting between the plaintiff and the defendant." The cause came on for hearing at the August Term, 1927, Franklin Superior Court, when Judge Lyon rendered the following judgment:

"And it appearing to the court and being found by the court from the pleadings, that there has been account stated between the parties on 5 March, 1924, at which time there was due the defendant by plaintiff the sum of $4,011.73, with interest on said sum from 1 January, 1924, at the rate of 6% per annum;

And it further appearing to the court, and being found by the court from the pleadings, that the plaintiff alleges no fraud or specific errors in said account, and that all material facts and allegations of the complaint being fully denied by the defendant in his answer, and the court being of the opinion, and so finding from the pleadings, that the plaintiff is not entitled to the relief demanded in his petition and complaint:

It is, therefore, by the court ordered, considered and adjudged, that the petition and complaint of the defendant be and the same is hereby denied, and the temporary restraining order hereinbefore entered is dissolved, and it is further ordered, adjudged and decreed that unless the plaintiff shall, within ninety days from the expiration of this term of Franklin Superior Court, pay off and discharge the mortgage and lien bond described in the pleadings, together with interest thereon, that the defendant is authorized, empowered and directed to proceed with the foreclosure of the said lien bond and mortgage in accordance with the terms thereof and by law provided.

It is further ordered, adjudged and decreed that the plaintiff pay the costs of this action to be taxed by the clerk."

Satterwhite neither excepted to nor appealed from said judgment.

Thereafter, on 20 February, 1928, N. B. Finch, mortgagee, sold said land, and the same was purchased by F. D. Finch. On 27 April, 1928, Finch and wife conveyed the land to Clement Richardson.

On 24 November, 1928, Clement Richardson brought the present suit against Cullen Satterwhite, alleging that Satterwhite was in the unlawful possession of said land. The defendant, Satterwhite, filed an answer alleging that at the time of the sale by Finch, mortgagee, on 20 February, 1928, "there was nothing whatever due to the said N. B. Finch from the mortgage which he pretended to foreclose, and the said sale was unlawful, null and void for said reason," etc. In the meantime, on or about 27 April, 1928, the plaintiff, Clement Richardson, had borrowed from the Citizens Bank of Spring Hope, N. C., the sum of $3,500, and in order to secure the same had executed and delivered to O. B. Moss, trustee, a deed of trust upon said tract of land. Satterwhite, however, alleged that the bank had full notice and knowledge of all the facts set forth in the answer of Cullen Satterwhite and held the land "subject to all the rights and equities of this defendant." The case came to trial at the February Term, 1929, Franklin Superior Court. At the conclusion of the evidence the following judgment was entered:

"This cause coming on to be heard before his Honor, Henry A. Grady, judge presiding, and a jury, after the evidence had been offered by the plaintiff and defendant, the court was of the opinion and held as a matter of law that the defendant was estopped by the judgment rendered at August Term, 1927, entitled Cullen Satterwhite *v.* N. B. Finch, trading as N. B. Finch & Co., wherein it was found as a fact, by Hon. C. C. Lyon, presiding judge, that there had been an accounting between the parties to said action on 5 March, 1924, the present plaintiff being the successors in title to the lands referred to in said former judgment by mesne conveyances from N. B. Finch, mortgagee of Cullen Satterwhite; and the court holds as a matter of law that the defendant is estopped by

said judgment from setting up the equities referred to in his answer in respect to the alleged invalidity of said mortgage deed; and the following issues having been submitted to the jury and answered by them, to wit (see issues and verdict above):

Now, upon the verdict and the evidence offered, and the ruling of the court in respect to the estoppel pleaded by the plaintiff, it is considered, ordered and adjudged that the plaintiff, Clement Richardson, is the owner in fee simple, subject to the mortgage deed to his co-plaintiff referred to in the pleadings of the Citizens Bank of Spring Hope, N. C., of all the lands and premises referred to and described in the complaint, being that certain tract or parcel of land situate in Franklin County, Dunn Township, and described by metes and bounds in that certain mortgage deed, dated 5 March, 1924, and recorded in Book 257, at page 237, of the register's office of Franklin County, which book and page shall operate as a part of this judgment, and the description therein contained shall be deemed to be a part hereof to all intents and purposes.

It is further ordered and adjudged that a writ of assistance be issued by the clerk of the Superior Court, directing the sheriff of Franklin County to put the defendant out of the possession of said lands, and to put the plaintiff Richardson into possession thereof.

It is further ordered that the question of rents and profits issuing out of said lands, and demanded in the complaint, be continued to be passed upon by a jury at some subsequent term of this court."

From the foregoing judgment the defendant appealed.

*White & Malone for plaintiff.*
*Yarborough & Yarborough for defendant.*

BROGDEN, J. Did the judgment of Lyon, J., rendered at the August Term, 1927, of Franklin Superior Court, constitute an estoppel upon the defendant in this action?

An examination of the Lyon judgment, set out in the record, discloses that the judge found from the pleadings that the plaintiff in the action was indebted to N. B. Finch in the sum of $4,011,73. The judge further found from the pleadings that "all material facts and allegations of the complaint, being fully denied by the defendant in his answer, and the court being of the opinion, and so finding from the pleadings that the plaintiff is not entitled to the relief demanded in his petition and complaint, it is, therefore, by the court ordered, considered and adjudged that the petition and complaint of the plaintiff be, and the same is hereby denied."

RICHARDSON *v.* SATTERWHITE.

It will be observed that the complaint alleged that the plaintiff was a colored man with practically no education, and entirely unable to keep books or accounts, and that he relied upon the correctness of the account as kept by the defendant. Plaintiff further alleged that a mistake had been made in the account, and that although he had given a note to the defendant and secured the same by a mortgage upon his land, that by reason of the mistake he was not indebted to the defendant at all.

Clearly, the complaint alleged a cause of action. The allegations of the complaint were denied in the answer. The pleadings, therefore, raised an issue of fact for the jury. The trial judge ordered "that the petition and complaint of the plaintiff be, and the same is hereby denied." While this language is of doubtful import, apparently the judgment, denying the complaint, would be equivalent to a dismissal of the action. As the pleadings raised issues of fact and the jury trial was not waived, the judge was without power to declare, upon the pleadings alone, "that there has been an account stated between the parties." The principle of law applicable is stated in *Grimes v. Andrews,* 170 N. C., 515, 87 S. E., 341: "And when it appears from the record that the court never determined the merits of the controversy nor rendered any judgment affecting the same, but simply dismissed the plaintiff's action, without trial and without evidence, such judgment does not support a plea of former adjudication. . . . We do not say that where it appears that the merits have been considered and passed upon, the judgment of dismissal may not be successfully pleaded as a former adjudication," etc.

The Lyon judgment decreed that if the plaintiff should not pay the indebtedness within ninety days that the defendant was authorized and directed to proceed with foreclosure of said lien bond and mortgage in accordance with the terms thereof, but having dismissed plaintiff's action, and there being no allegation in the action or prayer for foreclosure, this portion of the judgment was not supported by the pleadings. This principle of law was expressly declared in *Hoell v. White,* 169 N. C., 640, 86 S. E., 569.

In view of the facts disclosed by the record, we are of the opinion that the judgment rendered by Lyon, J., at the August Term, 1927, was not an estoppel upon Cullen Satterwhite, and, therefore, the judgment of Grady, J., at the February Term, 1929, is

Reversed.