### JESSE B. MORRIS v. R. D. PATTERSON.

(Filed 1 December, 1920.)

**1. Judgments—Consent—Contracts—Courts.**

A consent judgment is a contract of record between the parties entered with the approval of the court.

**2. Same—Husband and Wife—Divorce—Statutes.**

In an action brought by the wife for a divorce *a mensa*, C. S., 2529, an agreement that the wife have a life estate in certain of her husband's lands, remainder to their children, would have been valid as a voluntary conveyance, and is binding as a consent judgment, though a divorce has not been decreed therein; and it is not affected by the fact that an award of the children has therein been made with the sanction of the court. C. S., 1668, and a writ of possession may be issued. C. S., 1664.

**3. Same—Fraud—Mistake.**

As in other instances of contract, a consent judgment entered in the wife's action for divorce *a mensa*, affecting the husband's lands and the disposition of the children among the parties, but not decreeing a divorce, estops the parties thereto actually consenting, in the absence of fraud or mutual mistake.

**4. Courts—Jurisdiction—Judgments—Consent.**

While the consent of the parties cannot confer jurisdiction on the courts, a consent judgment entered by a court having jurisdiction over parties who had the power to consent, and over the subject-matter, is conclusive.

**5. Judgments—Consent—Fraud—Mistake—Action—Collateral Attack— Burden of Proof.**

To attack, in an independent action, a judgment by consent entered by a court of competent jurisdiction of the parties and subject-matter, the burden of proof is upon the plaintiff to show that the judgment was obtained by fraud or mutual mistake, or that consent was not, in fact, given.

**6. Judgments—Consent—Amendments—Courts.**

A consent judgment can be amended only by consent, and is an exception to the rule that judgments may be modified by the judge during the term at which they are rendered.

**7. Judgment—Consent—Lands—Estates—Deeds and Conveyances—Title —Third Persons.**

A consent decree for the recovery of lands in fee has the effect of conveying the legal estate in fee "as between the parties," and is good as against third persons in the absence of fraud or collusion.   C. S., 608.

**8. Parties—Judgments—Consent—Vendor and Purchaser.**

Where, under a valid consent judgment, the wife and children of the plaintiff have an estate in a part of the husband's lands, they are not parties necessary to the determination of his action to compel his vendee to accept his deeds to lands, including those affected by the consent judgment.

APPEAL by defendant from *Lane, J.,* at September Term, 1920, of RANDOLPH.

At March Term, 1918, there was an action pending in the Superior Court of Randolph brought by Mattie L. Morris against her husband, J. B. Morris, the plaintiff in this case, asking for a divorce from bed and board, and to be allowed to live separate and apart from her husband. At that term a consent judgment was entered, and signed by *Jones, J.,* reciting that the jury had been impaneled, and both parties being present and represented by counsel, and it being shown to him that they had arranged and settled their controversy; and it being shown to the court also that the parties were then, and had been for some time, living separate from each other; and it being further shown to the court that the parties have five living children, "Now, by consent in open court, it is ordered, decreed, and adjudged that the plaintiff have and hold for the term of her natural life the tract of land purchased by the defendant from G. F. York, described as follows: (description of land); and upon the expiration of the life estate the aforedescribed land is to become the property of the children of the defendant, Jesse B. Morris, by his wife, Mattie L. Morris, and of the issue of such as may then be dead." There was a further provision that the plaintiff in that action (the mother) was "to have the care and custody of the three youngest children, and the defendant (the father) the care and custody of the two older children; and that each of the parties should be permitted to visit at will the children left in the custody of the other"; that the parties to that action are "allowed to live separate in the future, and each party releases and quitclaims to the other all interests in the property of the other by reason of the marital relation; that the defendant may have the right to remove from the tracts allotted to the plaintiff

the growing crop and all personal property which he has on the said premises; that each party shall pay one-half of the costs."

On 15 April, 1920, said Jesse B. Morris entered into a contract with R. D. Patterson to convey to him, upon payment of $5,500, a warrantee title to certain tracts of land described in said contract, which includes the land settled as aforesaid upon the plaintiff's wife and children, as recited in the aforesaid consent judgment, and tendered the defendant the deed therefor, who refused to accept the same upon the ground that by the consent judgment of March Term, 1908, certain parts of said land had by final decree been conveyed by the plaintiff to his wife and children, and is still vested in them.

Lane, J., presiding at said September term, held that the consent judgment was null and void, and that the plaintiff could convey a free and unencumbered title to said land, and rendered judgment in the said sum of $5,500 and interest and costs. Appeal by defendant.

Seawell & Millikin for plaintiff.
Dan B. King for defendant.

CLARK, C. J. A consent judgment is simply a contract of record, entered with the approval of the court. In Bank v. Comrs., 119 N. C., 226, it is held: "Consent judgments are, in effect, merely contracts of parties, acknowledged in open court, and ordered to be recorded. As such, they bind the parties thereto as fully as other judgments," provided the parties had the authority to make such contract. This has been often affirmed since.

The only question for our consideration is the power of the husband and wife to make such contract. In Cram v. Cram, 116 N. C., 294, the Court held that our statute, now C. S., 2529, recognized as valid "a deed of separation between husband and wife, registered in the county in which she resides," when she is living separate from her husband, quoting Sparks v. Sparks, 94 N. C., 527, though it was further said that the courts did not look with favor upon such contracts, citing Smith v. King, 107 N. C., 276.

It follows, therefore, that if the contract between the husband and wife to convey to her a certain tract of land for her support with remainder to her children had been made out of court it would have been, at least, prima facie valid, and in any view, the voluntary conveyance would have been binding on the husband.

The action was brought by the wife for divorce from bed and board, and also from separation under C. S., 1667. Such action was without collusion, and was being tried when the parties, both present in person, and also represented by counsel, made known to the court that they had agreed upon a settlement.

This agreement did not include any decree for divorce, which would have been void, but is simply an agreement for separation with a conveyance by the decree, with the consent of the parties, of a certain part of land to his wife and children. Such conveyance the husband could have made if there had been no action pending, and in such proceeding the court could, under the authority of C. S., 1667, have caused "the husband to secure so much of his estate for the benefit of his wife and children as may be proper," and when the court makes such an order granting "alimony by the assignment of real estate, the court has power to issue a writ of possession," C. S., 1668, and under C. S., 1664, the court had power to adjudge the custody of the children, as was done in this case by the consent of the parties.

The court, in the former judgment, had jurisdiction of the parties and subject-matter, and the judgment would have been valid except as to the conveyance to the children after the death of the wife, and as to that the husband, in open court, in person and by counsel, assented to the judgment, and did not appeal.

It is true that consent cannot confer jurisdiction, but when, as in this case, the court had jurisdiction and the parties had power to consent, the judgment is conclusive. In *Gardiner v. May,* 172 N. C., 194, *Walker, J.,* says "As to nature and legal effect of consent judgments . . . where parties solemnly consent that a certain judgment be entered on the record, it cannot be changed or altered, or set aside without the consent of the parties to it, unless it appears, upon proper allegation and proof and finding of the court that it was obtained by fraud or mutual mistake, or that consent was not in fact given, which is practically the same thing, the burden being upon the party attacking the judgment to show facts which will entitle them to relief. *Edney v. Edney,* 81 N. C., 1; *Stump v. Long,* 84 N. C., 616; *McEachern v. Kerchner,* 90 N. C., 179; *Vaughan v. Gooch,* 92 N. C., 527; *Lynch v. Loftin,* 153 N. C., 270; *Simmons v. McCullin,* 163 N. C., 409, and *Harrison v. Dill,* 169 N. C., 542, where the subject is fully considered and the authorities reviewed."

In *Stump v. Long,* 84 N. C., 616, it was held that "a judgment or order made in a cause by consent of parties, or their attorneys, is binding and cannot be set aside or modified, except upon ground of mistake by both parties or by fraud, and this by civil action and not by motion." This case has been often cited and approved, see Anno. Ed. In *Vaughan v. Gooch,* 92 N. C., 524, it was held: "An order or judgment made by consent cannot be set aside or modified, unless by consent, except for fraud, or mistake of both parties." See cases therein cited and citations in Anno. Ed. In *Simmons v. McCullin,* 163 N. C., 414, it is said: "A judgment entered by the court, upon the agreement of the parties, is, to.

say the least, as conclusive upon them as if judgment were rendered in the ordinary course of proceedings," citing many cases. A consent judg-ment will not be set aside upon the ground of surprise or excusable neglect, *Hairston v. Garwood,* 123 N. C., 345.

Such judgment cannot be impeached collaterally, but only by a direct proceeding for fraud, and where a consent judgment is entered upon a replevin bond in claim and delivery, the sureties could not attack it for fraud by motion, but might proceed by a direct action. *McDonald v. McBryde,* 117 N. C., 125. A consent judgment can be amended only by consent, and is an exception to the rule that judgments may be modi-fied by the judge during the term at which they are rendered. *Deaver v. Jones,* 114 N. C., 651, citing 1 Black Judgments, 305, 308, 319; Freeman on Judgments, 111 *a; McEachern v. Kerchner,* 90 N. C., 179, and many other cases.

In 1 R. C. L., 947, it is held that while decrees allowing alimony may be modified by the court from time to time, that this is not so when the alimony embraced in the decree is entered by the consent of parties, "for such a modification of the decree would be no less a modification of the contract itself; which is not subject to revocation or modification except by consent of the parties thereto," citing *Pryor v. Pryor* (Ark.), 129 Am. St., 102; *Henderson v. Henderson* (Or.), 48 L. R. A., 766; 13 Anno. Cas., 296, and note.

In 15 R. C. L., 645, it was held that a consent judgment was binding upon husband and wife, if consented to by both, citing *Bank v. McEwen,* 160 N. C., 414; *Simmons v. McCullin,* 163 N. C., 409. In 1 Black on Judgments, 319, it is said that while "A court has power to vacate and set aside a consent judgment on account of fraud, mutual mistake, or surprise, it cannot alter or correct it, except with the consent of all the parties affected by it," citing *Kerchner v. McEachern,* 93 N. C., 447; *Stump v. Long,* 84 N. C., 616.

C. S., 608, provides: "Every judgment in which the transfer of title is so declared shall be regarded as a deed of conveyance, executed in due form and by capable persons." In *Rollins v. Henry,* 78 N. C., 350, it was held that "a decree made by consent that the plaintiff will recover the land in controversy had the effect of conveying the legal estate in fee as between the parties," and was good against third persons in the absence of fraud or collusion.

In *Holloway v. Durham,* 176 N. C., 553, *Hoke, J.,* says that "the defendant insists that this being a judgment by consent, the parties are not confined to the matters in controversy presented in their pleadings, and that the present judgment was intended to be and is an adjustment concluding the parties as to any and all damages that plaintiff, his heirs and assigns, might at any time suffer from the erection and maintenance

of defendant's plant. The decisions in this State have gone very far in approval of the principle that a judgment by consent is but a contract between the parties, put upon the record with the sanction and approval of the court, and would seem to uphold the position that such a judgment may be entered and given effect as to any matters of which the court has general jurisdiction, and this with or without regard to the pleadings. *Bank v. McEwen,* 160 N. C., 414; *Bunn v. Braswell,* 139 N. C., 139; *Bank v. Comrs.,* 119 N. C., 214; *Vaughan v. Gooch,* 92 N. C., 524. Such a ruling has the support of well considered authority elsewhere. *Fletcher v. Holmes,* 25 Ind., 458; *Seiler v. Mfg. Co.,* 50 W. Va., 208, 218; Beach Modern Eq. Pr., sec. 794; 2 Black Judgments, sec. 705; 23 Cyc., 728."

There are some circumstances in which a judgment by consent of counsel will be set aside. *Davis v. Bank* (Geo.), 46 L. R. A. (N. S.), 750. But these are the exceptions. Where the parties themselves have joined in the consent, and there is no fraud or mutual mistake shown, the judgment is conclusive.

There are many and insuperable reasons against treating the former judgment of 1908 as a nullity; the court had jurisdiction of the parties and the subject-matter; the consent was by the parties themselves as well as by counsel, and extended only to matters as to which the parties could have agreed out of court; the judgment by consent could not be modified except by consent; this was not an action to set it aside by fraud or mutual mistake, and no ground for such allegation is set out; if there was mutual mistake, then there is the long lapse of time; neither the wife nor the children, who hold title under the consent judgment, are made parties to this action; and the judgment cannot be impeached in this collateral proceeding.

The judgment was entered with the consent of the plaintiff, and is binding upon him as a conveyance of record of the land in a pending suit for alimony, and the land was assigned and settled by the court upon his wife and children in compromise of that matter with the consent of the plaintiff. Any decree in this cause would have been invalid if entered against them, but as the Court is of the opinion that they obtained a valid title by the consent judgment of 1908, it is not necessary that they should be parties to this action between the plaintiff and his vendee.

Reversed.