BOARD OF EDUCATION OF SAMPSON COUNTY ET AL. v. BOARD OF
COMMISSIONERS OF SAMPSON COUNTY ET AL.

(Filed 13 October, 1926.)

**1. Judgments—Consent—Mandamus—Schools—Attorney and Client.**

Where pending proceedings by the county board of education to compel the county board of commissioners to provide funds for the purchase of certain lands for public school purposes, resisted upon the ground that certain statutory requirements had not been met by the plaintiffs in the action, both parties had agreed that the trial judge enter a consent order as to the purchase of the lands, the judgment accordingly entered is that of the agreement of the parties, not requiring the signature of the attorneys appearing thereon evidencing their consent.

**2. Same—Vacated only by Mutual Consent.**

Where in accordance with the agreement of the parties a judgment by consent has been entered by the court, it may not thereafter be vacated by the order of the court which had entered it of record, without the consent of both parties to the litigation.

**3. Same—District—Committee—Parties—Statutes.**

In proceedings for mandamus by the county board of education to compel the county board of commissioners to provide funds for the purchase of lands selected by the plaintiffs for the establishment of a public school of a district within the county, the local school committee is not a necessary party, and its consent is not required under our statute to the validity of a judgment entered upon the consent of the county school board and the county commissioners. C. S., 5419, 5423.

**4. Same—Procedure—Order of Subsequent Superior Court Judge Reinstating Consent Judgment—Appeal and Error.**

Where the Superior Court judge has entered a valid consent judgment in proceedings for mandamus, in an action by the county board of educa-

tion against the county commissioners, in respect to the buying of lands to establish a public school within a district of the county, he may not thereafter vacate the judgment upon the erroneous ground that a valid consent had not been obtained, and retain the cause upon the docket, and the subsequent order of a judge regularly holding the courts of the district, reinstating the consent judgment, will be upheld on appeal.

CIVIL ACTION, before *Bond, J.,* at March Term, 1926, of SAMPSON.

This action was instituted by the board of education of Sampson County and certain individuals constituting the school committee of Shady Grove School District of said county against board of county commissioners and the treasurer of the county. The action was instituted for the purpose of securing a writ of mandamus requiring the board of commissioners to provide sufficient funds for the erection of adequate school buildings in the Shady Grove School District, and for requiring the treasurer to pay a voucher issued by the board of education in payment of a school site. The defendants answered, setting up the defense that the board of education had presented no proper budget as required by statute, and that the location of the school did not conform "to what the commissioners of Sampson County deem a wise and economical plan of county-wide organization." And, further, that no proper plan for county-wide organization had ever been legally adopted by the plaintiff board.

All matters of defense set up by the defendant in its answer were denied in a reply filed by the plaintiff board, and the issue clearly drawn.

Thereafter, by consent, the application for mandamus was heard before his Honor, Henry A. Grady, resident judge of the Sixth Judicial District, at the courthouse in Clinton, on 12 February, 1926, during term time.

Thereafter, on 4 March, the following judgment was entered by Grady, J.: "This cause coming on to be heard before his Honor, Henry A. Grady, judge, the court, from the pleadings and exhibits filed, finds the following facts:

1. That the erection of a school building in Shady Grove School District is necessary for the carrying on of a six months school therein.

2. That the plaintiff board of education, at its regular meeting on the first Monday in March, 1926, adopted a resolution in words and figures as follows:

Whereas, it is made known to the board of education at its regular meeting on the first Monday in March, 1926, that the board of county commissioners have agreed that the location of the new high school site may be at the old Shady Grove school site, located at the intersection

of the Fayetteville and Goldsboro road, and the Clinton and Averasboro road, known as the Peter Jackson Cross Roads; and, whereas, the establishment of said site is in litigation and it is probable that the litigation may be prolonged and costly, and in the meantime the educational interest of the county, and especially that section thereof, will suffer greatly:

Now, therefore, be it resolved by the board of education:

First. That the said site above referred to is hereby accepted and adopted as the location for the high school building to serve Shady Grove, Mingo and Pine Forest districts, and other contiguous territory.

Second. That said board of education take immediate steps to reclaim the old site and location of two acres and add thereto three additional acres, either by purchase or condemnation proceedings, and to this end L. E. Whitfield, Esq., is hereby requested to immediately lay off the site of five acres, including the old site, and location of two acres, formerly known as the Old Shady Grove school site, so that the building may be constructed at once under the general plan and contract entered into with Mr. Hudson, of Tarboro, N. C.

Third. It is further considered that all resolutions and orders of this board in respect to the location of this new high school be rescinded in so far as the same are in conflict with this resolution.

Fourth. And upon the approval of this resolution by the board of county commissioners, his Honor, Henry A. Grady, before whom this litigation is now pending, may make a final order or judgment embodying the terms of this agreement.

3. That at its regular session held on the same day the defendant board of commissioners of Sampson County, accepted and approved said resolution of the board of education, said approval appearing on the minutes of said board of said date as follows:

The above resolution is approved by the board of county commissioners that the new schoolhouse be located at the old Shady Grove site.

It is therefore considered, adjudged and decreed by the court that the location of the said school building as set forth in the resolution of the board of education be, and the same is hereby adopted, ratified and approved by the court, and the defendant, board of commissioners, are authorized, ordered and directed to provide funds sufficient to acquire a site for said building as herein located, and in addition thereto sufficient funds to meet the contract price for the erection of said building as entered into and agreed upon between the board of education and J. W. Hudson, Jr., and between the board of education and the Demott

Heating Company, respectively, the substance of the original contract between said parties being set forth in the pleadings in this cause and appearing upon the minutes of the board of education.

It is further adjudged that the cost be taxed one-half against the plaintiff board and one-half against the defendant board, to be ascertained by the clerk of this court. Henry A. Grady, resident judge of the Sixth Judicial District. By consent."

Two days thereafter, to wit, on 6 March, 1926, Judge Grady signed another judgment in said action as follows:

"This cause coming on to be heard before Henry A. Grady, resident judge of the Sixth Judicial District, this 6 March, 1926, and it appearing to the court that a judgment was entered in this cause on 4 March, 1926, reciting certain resolutions passed by the board of education, and the acceptance thereof by the board of commissioners, wherein it was stipulated that the school building therein referred to should be located as stated in said resolutions adopted by the plaintiff board of education; and, whereas, the said judgment was signed by the court under the impression that it was entered by consent of all parties, plaintiff and defendant; and, whereas, it now appears that such consent did not exist as to all of the plaintiffs; now, therefore, adjudge that said former judgment be, and the same is hereby stricken out and declared utterly void; and this cause is continued to be heard by Hon. Wm. M. Bond, judge presiding, at March Term, 1926, of Sampson Superior Court. Henry A. Grady, judge presiding."

That thereafter, on 20 March, 1926, the matter was heard before W. M. Bond, judge presiding, at March Term of the Superior Court, who found the facts and entered judgment as follows:

"Thereupon it is considered and adjudged:

"First. That the judgment as prepared by counsel for the plaintiff, board of education, and the defendant, board of county commissioners, as set out in finding of fact No. 6 hereof, upon being signed by his Honor, Henry A. Grady, was a valid and binding judgment upon said two boards as by consent, regardless of the fact that counsel did not actually sign their names to said judgment, since under the resolution of the board of education, as approved by the board of county commissioners, no consent of counsel was required to the final order to be signed by Judge Grady carrying into effect the terms of the agreement between said two boards.

"Second. That the action of the board of education at its special meeting held on 8 March, 1926, wherein said board passed a resolution vacating and annulling the resolution theretofore adopted on 1 March, 1926, and which was approved by the board of county com-

missioners, was unwarranted and ineffectual to change the school site as fixed in the resolution of 1 March, 1926.

"Third. That the order entered by his Honor, Judge Grady, on 6 March, 1926, wherein he undertook to vacate the judgments signed by him, and prepared by counsel for plaintiff and defendant boards, as set out in finding of fact Nos. 6 and 7, was ineffectual for that purpose, since said first judgment was in effect a consent judgment between said two boards, and could not be vacated except upon notice and by consent of defendant board of commissioners.

"Fourth. That the parties named as local school committeemen, plaintiffs in this action, are unnecessary parties and were bound by the compromise resolution adopted by the two boards on 1 March, 1926.

"Fifth. That the last order of his Honor, Judge Grady, be vacated and that the formal judgment as signed by him is now declared and adjudged to have been a final determination of this cause.

W. M. BOND, *Judge Presiding."*

From the foregoing judgment the plaintiffs appealed.

*Henry E. Faison, Jesse F. Wilson, Godwin & Williams, for plaintiffs.*
*A. McL. Graham, Butler & Herring, and Faircloth & Fisher for defendants.*

BROGDEN. J. After the issue had been clearly and sharply drawn in this case, on 12 February, 1926, before Grady, J., the board of education, in regular session, on 1 March, 1926, adopted a resolution selecting a suitable site for said school. On the same day the board of county commissioners, in regular session, approved the site so selected.

The resolution of the board of education of 1 March, contained, among other things, this clause: "and upon approval of this resolution by the board of county commissioners, his Honor, Henry A. Grady, before whom this litigation is now pending, may make a final order or a judgment embodying the terms of the agreement."

Thereafter, in pursuance of the agreement, Judge Grady signed the judgment of 4 March. This judgment, thereupon, by operation of law, became a consent judgment.

The nature, effect and characteristics of a consent judgment are firmly established by an unbroken and unquestioned line of decisions. *Clarkson, J.,* in *Bank v. Mitchell,* 191 N. C., 193, thus states the principle: "If parties have the authority, a consent judgment cannot be changed, altered or set aside without the consent of the parties to it. The judgment, being by consent, is to be construed as any other contract of the parties. It constitutes the agreement made between the

parties and a matter of record by the court, at their request. The judgment, being a contract, can only be set aside on the ground of fraud or mutual mistake."

The law will not even inquire into the reason for making a decree, it being considered in truth the decree of the parties, though it be also the decree of the court, and their will stands as a sufficient reason for it. *Bank v. Mitchell,* 191 N. C., 193; *McEachern v. Kerchner,* 90 N. C., 177; *Vaughan v. Gooch,* 92 N. C., 524; *Westhall v. Hoyle,* 141 N. C., 337; *Chemical Co. v. Bass,* 175 N. C., 426; *Morris v. Patterson,* 180 N. C., 484.

It does not appear from this record that any notice was given to the defendant or an opportunity to be heard before said judgment of 6 March was entered. Neither does it appear that there was any evidence of fraud or mutual mistake inhering in the consent judgment of 1 March. Therefore, under the law, the judgment of Grady, J., on 6 March, vacating the consent judgment of 1 March, was ineffectual. In addition, Judge Bond finds, as a fact, that the judgment of 1 March was a consent judgment.

It would seem from the record that the reason Judge Grady, on 6 March, attempted to strike out the consent judgment of 1 March, was due to the fact that the individual plaintiffs, constituting the school committee of Shady Grove School District, were not apprised of the judgment and did not consent thereto. Judge Bond ruled "that these individuals were unnecessary parties and were bound by the compromise resolution adopted by the two boards on 1 March, 1926." This ruling is correct. The local school committee asked for no affirmative relief and are charged with no duty in locating suitable sites for county school buildings.

C. S., 5419, provides that the county board of education shall be a body corporate, and shall prosecute and defend suits for or against the corporation. C. S., 5423, provides that the county board of education shall institute all actions, suits or proceedings against persons or corporations "for the recovery, preservation, and application of all moneys or property which may be due to or should be applied to the support and maintenance of the schools."

One of the causes of action for the mandamus was to require the board of county commissioners to provide sufficient funds for the maintenance of schools in Sampson County. This cause of action, under our statute, could be maintained only by the county board of education, so that the consent of the local school committee was immaterial. The judgment must be

    Affirmed.