KATE McLEOD v. FRANK McNEILL et al.

(Filed 4 April, 1928.)

**Curtesy—Releasing Right Thereto—Validity—Power of Wife to Convey Clear Title.**

Where a contract of separation has been made by husband and wife after the occurrence of the separation, in which the former gives the latter a quitclaim deed to his inchoate right of curtesy, a deed to the land from the wife to another passes the title free from the claim of curtesy therein by the husband.

Appeal by defendants from *Bond, J.,* at November Term, 1927, of Robeson.

Controversy without action, submitted on an agreed statement of facts, to determine sufficiency of plaintiff's deed to convey clear title to lot of land.

Plaintiff, being under contract to convey a certain lot in the town of Lumberton to the defendants, duly executed and tendered a deed therefor and demanded payment of the purchase price as agreed, but the defendants declined to accept the deed and refused to make payment,

McLeod *v.* McNeill.

claiming that the title offered is defective, in that they say it is not free and clear of the inchoate curtesy rights of plaintiff's husband.

On the facts agreed, the court, being of opinion that the title offered was one free and clear from any curtesy rights of plaintiff's husband, gave judgment accordingly, from which the defendants appeal, assigning error.

*Johnson, Johnson & Floyd for plaintiff.*
*T. A. McNeill for defendants.*

STACY, C. J. The parties to the present proceeding, having a question in difference which might properly become the subject of a civil action, have submitted the same for determination without action, upon an agreed statement of facts, as authorized by C. S., 626.

The question to be determined is whether a separation agreement, duly executed between a husband and wife, long after separation and not in contemplation thereof, in which the husband "releases all the right, title and interest he may have, if any, as tenant by the curtesy, or otherwise, in the property of his wife," enables the wife to convey her property, thus released, without the written assent of her husband, the same as if she were unmarried?

The trial court was of opinion, and so held, that under the decisions and principles announced in *Morris v. Patterson,* 180 N. C., 484, 105 S. E., 25, and *Archbell v. Archbell,* 158 N. C., 409, 74 S. E., 327, the deed tendered by plaintiff is sufficient in form to convey said lot to the defendants free from any claim of plaintiff's husband arising out of the marriage relationship. In this, we find no error.

The separation agreement was made long after the parties separated; it is supported by adequate reasons and shows upon its face that it is beneficial, just and fair to the plaintiff. Its purpose, as appears from the instrument itself, is as follows:

"It is understood that the execution and delivery of this instrument and the acceptance and registration of the same shall not be construed as an admission on the part of the party of the second part (wife) that the party of the first part (husband) has any legal interest in and to the lands hereinbefore described, but the purpose and intent of the same is to quitclaim any right, title or interest in the property by the party of the first part, so that the party of the second part may mortgage, sell or otherwise dispose of said property, freed and discharged from any claim or demand, present or prospective, as tenant by the curtesy or otherwise, on the part of the party of the first part."

The judgment is fully supported by the record; it will be upheld.

Affirmed.