JOHN A. WEAVER ET AL. v. J. W. HAMPTON ET AL.

(Filed 16 December, 1931.)

1. **Counties F a—Where commissioners corruptly refuse to bring action against sheriff the qualified taxpayers may maintain the action.**

    Under the provisions of C. S., 3206, citizens and taxpayers of a county may maintain an action against the commissioners of the county and its defaulting sheriff to enforce collection of the amount of the default upon allegations that the county commissioners have corruptly refused to perform their duties in this respect.

2. **Judgments K c—Consent judgment may be set aside for fraud.**

    A consent judgment is one entered by the agreement of the parties to the action with the consent and approval of a court of competent jurisdiction but it may be vacated in an independent action upon allegations and proof of fraud.

3. **Judgments L d—Where consent judgment between commissioners and sheriff is obtained by fraud it will not bar subsequent action by taxpayers.**

    Where, in an action by citizens and taxpayers of a county against the board of commissioners and the sheriff of the county, the complaint alleges that a preceding board had ascertained that the sheriff was in default in a large sum and had accepted his note in a certain amount secured by a mortgage on his lands to cover the default and that upon proceedings to foreclose the mortgage according to its terms the sheriff obtained a restraining order upon allegations that a smaller amount was due, and the matter was referred to a referee to ascertain the correct amount, and that the defendant commissioners since elected and qualified, without the concurrence of their own attorneys, but upon the advice of the sheriff's attorneys, had caused a consent judgment to be entered in the injunctive proceedings relieving the sheriff of all liability except cost, with further allegations of fraud, etc., *Held:* a demurrer upon the ground that the consent judgment operated as an estoppel is bad. The question of whether the clerk had authority to enter the consent judgment is not decided.

4. **Fraud C b—All facts and elements constituting fraud must be properly pleaded.**

    A demurrer to a pleading admits all allegations of fact properly set out therein, but if fraud is relied on all material facts and elements constituting the fraud must affirmatively appear from the pleadings.

CIVIL ACTION, before *Warlick, J.* From ASHE.

The plaintiffs are certain taxpayers of Ashe County, and the defendants are the former sheriff of the county and the board of commissioners of said county.

Plaintiffs alleged that the defendant, J. W. Hampton, was duly elected sheriff of Ashe County and served from 1920 to 1928 inclusive, and

as such sheriff was charged with the duty of collecting the taxes for the years 1921, 1922, 1923, 1924, 1925, and 1926, and that from 4 December, 1926, until December, 1928, said Hampton was the duly constituted and acting treasurer of the county. It was further alleged that the county authorities procured an audit of the accounts of defendant Hampton from 17 September, 1921, to 30 April, 1923, and that such audit was examined by said defendant and approved, and that said audit showed that said defendant was in arrears and in default in his accounts in the sum of $9,148.05, and that it was further shown by said audit that said defendant as sheriff was indebted to the county on account of uncollected taxes in the sum of $78,950.44. That thereafter an audit was duly made covering a period from 1 May, 1923, to 30 November, 1927, and that said audit was duly filed with the board of county commissioners on 9 January, 1928, which said audit was duly and officially approved by said board, and that the defendant Hampton was served with copy of said audit and resolution approving same, accompanied with a demand upon him to make settlement. It was further alleged that said audit showed that on 30 November, 1927, the said defendant Hampton was in arrears on his accounts of receipts and disbursements as sheriff, tax collector and treasurer in the aggregate amount of $40,474.24, and was further in default and arrears on account of uncollected taxes for the years of 1921 to 1926 in the sum of $25,171.84, and that after making certain corrections, the said defendant Hampton was indebted to the county in the sum of $70,372.86. It was further alleged that prior to 18 September, 1926, unsuccessful attempts were made between the then board of commissioners of the county and the defendant Hampton to effect a settlement, and that while negotiations were pending the said Hampton and his wife executed and delivered a deed of trust to W. B. Austin and Ira T. Johnston, trustees, to secure certain notes or bonds aggregating the sum of $50,000, said notes or bonds being payable to the board of county commissioners of Ashe County, and as security for the payment thereof the said defendant and his wife conveyed to said trustees by said deed of trust eleven tracts of land owned by the defendant Hampton. The said deed of trust contained the usual power of sale, and it was alleged that upon the expiration of the time for settlement the board of county commissioners directed the trustees in said deed of trust to foreclose the same, and that thereupon the defendant Hampton instituted an action entitled J. W. Hampton v. Board of County Commissioners of Ashe County *et al.,* seeking to restrain the said trustees from selling said land, alleging that a controversy existed between him and the county as to the correctness of the amount due. The board of county commissioners

filed a reply setting up the indebtedness due by said Hampton to the county, and thereupon the cause was duly referred to Honorable J. H. Burke as referee to take and state the account between said Hampton and the board of county commissioners; that said referee subsequently entered upon the hearing of the cause and after hearing evidence for a number of days the county rested its case and the attorneys for said Hampton requested a continuance in order that they might have an opportunity to examine various exhibits introduced in evidence in order to intelligently cross-examine the witnesses. It was further alleged that on 1 December, 1930, and while said action was pending before the referee the defendants, Kilby, Eller and Hartsog, were duly inducted into the office of county commissioner of Ashe County. It was further alleged that said commissioners on 3 December, 1930, gave their assent to a consent judgment signed by the clerk of the Superior Court of Ashe County, which said consent judgment provided as follows: "It is, therefore, by consent, considered and adjudged, that J. W. Hampton recover nothing of the county on account of his complaint, and that the defendant, the county of Ashe, recover nothing of the plaintiff, J. W. Hampton, on account of its counterclaim alleged in its answer. That J. W. Hampton pay his own witnesses, his own auditors, one-half of the referee's allowance and one-half of the court cost; and that the county of Ashe pay its own witnesses, its auditors, one-half of the referee's allowance and one-half of the court cost to be taxed by the clerk." It was further ordered that the deed of trust given by Hampton and wife to secure certain bonds payable to the county should be canceled on the record.

Plaintiffs alleged that this consent judgment was approved by the board of county commissioners "without conferring with any of the attorneys theretofore representing the county and without any advice from said attorneys and without making any effort to acquaint themselves with the facts involved, but that said county commissioners in flagrant disregard of and in utter violation of their official duties," and in gross abuse of their official positions and authority, fraudulently, unlawfully and wrongfully entered into a purported consent judgment between themselves as commissioners aforesaid, and the said defendant Hampton, whereby it was provided that the county take nothing on account of its claim, and pay one-half of the costs and that said defendant be released from all claims of said county." It was further alleged that said county commissioners, in approving said consent judgment, acted upon the advice of counsel of defendant Hampton. It was further alleged that said commissioners approved said consent judgment "corruptly and fraudulently with the purpose of wrongfully relieving the former sheriff and treasurer of the amount justly due by him."

The plaintiffs further alleged that more than sixty days prior to the institution of this action they filed with the board of commissioners, the defendants herein, a statement demanding that said commissioners bring suit or take such action to obtain the relief prayed for, but that said commissioners failed and refused, and now fail and refuse to institute a suit or to take any steps whatever to recover the money due said county.

The defendants demurred to the complaint upon the ground that the consent judgment alleged in the complaint constituted a bar to the action, and that it further appeared from the face of the complaint that said consent judgment constituted a full settlement between the parties. Attached to the demurrer was the resolution passed by the board of county commissioners on the first Monday in December, 1930, setting out in substance "that serious controversy existed between Hampton and the county; that the litigation was expensive, and the cost thereof steadily mounting, and that more than one hundred of the leading citizens of the county had filed petition with the board requesting said board to compromise, settle and adjust this unfortunate, expensive and uncertain litigation." And further that said board "upon its own initiative and without the advice of counsel representing the county in this litigation, approached the said J. W. Hampton in person and not through his counsel with the view of settling this cause because of respect this board had for the petition of the taxpayers and leading citizens of this county," etc. Whereupon, it was resolved "that the proposition of settlement agreed upon by parties to this suit be accepted by the county of Ashe, and that a judgment be signed embodying this agreement, and that this resolution and the judgment be published in the *Ashe County Journal,* a newspaper published in the county of Ashe," etc.

The trial judge overruled the demurrer filed by the defendants, and they appealed to the Supreme Court.

*W. R. Bauguess, U. S. G. Bauguess, R. H. McNeill, W. R. Lovill, and Jno. E. Brown for plaintiffs.*

*R. A. Doughton, Ira T. Johnson, J. B. Councill, and T. C. Bowie for defendant.*

BROGDEN, J. This action is brought under authority prescribed in C. S., 3206. The statute was discussed in *Waddill v. Masten,* 172 N. C., 582, 90 S. E., 694, in which case it was written: "Suits in protection of the rights and interests of the county, on the part of citizens and taxpayers, have been frequently entertained by the courts in this State, and, while they have usually been of an inhibitive character, as in re-

26—201

straint of incurring an unlawful indebtedness of levying unlawful taxes, etc., the same principles, in proper cases, will uphold recoveries for money wrongfully disposed of or withheld from the counties, on averment that the proper officials have corruptly or negligently refused to perform their duties in the matter." See *Tyrrell County v. Holloway,* 182 N. C., 64, 108 S. E., 337. The defendants, however, assert that even if it be conceded that the plaintiffs as taxpayers are authorized to institute the action that it appears upon the face of the complaint that all questions in controversy were settled by the consent judgment referred to in the complaint, and that such consent judgment constitutes an estoppel and perpetual bar to the maintenance of the suit.

It is settled beyond controversy in this State that a consent judgment is the contract of the parties spread upon the records with the approval and sanction of a court of competent jurisdiction, and that such contract cannot be modified or vacated without the consent of all parties thereto except for fraud or mistake, and that in order to vacate such judgment, an independent action must be instituted. *Morris v. Patterson,* 180 N. C., 484, 105 S. E., 25; *Board of Education v. Commissioners,* 192 N. C., 274, 134 S. E., 852.

Omitting any discussion of the power of the clerk to enter a consent judgment in a cause duly pending before a referee, the inquiry is narrowed to the bare question as to whether fraud was sufficiently alleged. It is now a truism that a demurrer admits all facts properly alleged. Moreover, the law requires that if fraud be relied upon, all essential facts and elements constituting the fraud must affirmatively appear from the pleadings. *Hoggard v. Brown,* 192 N. C., 494, 135 S. E., 331; *Hawkins v. Carter,* 196 N. C., 538, 146 S. E., 231.

The complaint paints substantially the following picture: The sheriff of the county is in arrears and defaults in a large sum of money, aggregating approximately $70,000. Demand is made upon him by the proper authorities for a settlement. In recognition of the demand, he executes notes for $50,000 payable to the county, and secures the same by a deed of trust upon eleven parcels of land owned by him. Nothing more is done or said until the notes fall due, when for the first time the official alleged to be in default, institutes an action to restrain the sale of the property, asserting that the claims of the county are incorrect. In this action a referee is duly appointed to hear the matter, to find the facts and state the account. The referee enters upon the discharge of his duties and the county offers its evidence and rests its case. Thereupon the defendant requests a continuance. In the meantime a new board of commissioners come into power and after remaining in office two days, and without consulting counsel or seeking to acquire any facts or to

otherwise inform themselves of the status of the matter, they approach the defaulting official with a proposition to cancel the deed of trust, to surrender the claim, and to pay one-half the cost and expense.

Such a picture may be lurid and may be stamped to pieces by evidence offered at the trial, but upon demurrer this Court must assume that the picture is correctly painted. Consequently the Court is of the opinion that the trial judge correctly overruled the demurrer.

Affirmed.