MABEL LaLONDE v. SAMUEL A. HUBBARD AND SALLIE B. HUBBARD.

(Filed 15 June, 1932.)

**1. Judgments K f—Consent judgment may not be collaterally attacked.**

A consent judgment may not be collaterally attacked, the remedy in such case being by independent action to set the judgment aside, and where the judgment is collaterally attacked in an action involving the same cause of action covered by the consent judgment it is not error for the court to refuse to consider evidence tending to impeach the consent judgment.

**2. Judgments C c—Consent judgment is binding on parties until set aside by consent or by judgment in independent action.**

A consent judgment is binding on the parties thereto until modified or set aside by consent, or until vacated for fraud or mistake by judgment in an independent action.

**3. Judgments L b—Consent judgment is a bar to subsequent action involving the same matters.**

A consent judgment purporting to settle all matters in controversy in an action involving liability for damages sustained in a collision of two automobiles in which the defendant sets up a cross-action upon allegations of negligence on the part of the plaintiff, is a bar to an action by the defendant in the prior action against the plaintiff therein to recover for the identical negligence alleged in the cross-action.

**4. Judgments C b—Fact that one of several attorneys of record of party did not sign consent judgment does not affect its validity.**

Where the attorneys of record of both parties sign a consent judgment, and the defendant therein is advised that the consent judgment would be entered and does not make known to the court in person or by counsel any objection thereto, the fact that one of the defendant's attorneys of record did not sign the judgment does not affect its validity. .

APPEAL by plaintiff from *Sink, J.,* at March Term, 1932, of BUNCOMBE. Affirmed.

This is an action to recover damages resulting from injuries caused by a collision on 23 March, 1930, at the intersection of two streets in the city of Asheville, N. C., between an automobile owned and driven by the plaintiff, and an automobile owned by the defendant, Sallie B. Hubbard, and, with her consent, driven by her minor daughter. The action was begun in the Superior Court of Buncombe County, on 27 October, 1927.

It is alleged in the complaint that the collision between the two automobiles was caused by the negligence of the driver of the automobile owned by the defendant, Sallie B. Hubbard. This allegation is denied in the answer of the defendants, who allege in their further answer, that the collision was caused by the negligence of the plaintiff, and that for this reason plaintiff is not entitled to recover in this action.

In addition to other defenses set up in their answer, the defendants plead in bar of plaintiff's recovery in this action a judgment by consent, entered in an action brought by the defendant herein, Sallie B. Hubbard, as plaintiff, against the plaintiff herein, as defendant, in the General County Court of Buncombe County, to recover damages resulting from injuries caused by the same collision as that out of which the cause of action alleged in the complaint in this action arose. The plaintiff herein, as defendant in that action, denied the allegations of negligence in the complaint therein, and in her answer set up a counterclaim founded upon the identical facts alleged in her complaint in this action as the cause of action on which she demands judgment against the defendants.

When this action was called for trial, it was agreed by the parties that the judge, without the intervention of a jury, and before the trial of the action on its merits, should hear the evidence pertinent to defendant's plea in bar, and determine the validity of said plea.

Pursuant to said agreement, the defendants offered in evidence the complaint, answer and judgment in the action entitled "Sallie B. Hubbard *v.* Mabel.LaLonde," brought by the plaintiff in said action in the General County Court of Buncombe County. Both the complaint and the answer in said action were signed by attorneys for plaintiff and defendant, respectively, and were duly verified by the parties to the action. The judgment on its face purports to have been entered by consent, and is as follows:

JUDGMENT.

"State of North Carolina—County of Buncombe.
    In the General County Court.

    Sallie B. Hubbard, plaintiff, *v.* Mabel LaLonde, defendant.

This cause coming on to be heard, and being heard before his Honor, Guy Weaver, judge presiding over the General County Court, on 30 September, A.D. 1930, and it appearing to the court, that the defendant, Mabel LaLonde, has taken a voluntary nonsuit as to her counterclaim in this cause, and that all matters in controversy between the parties have been settled and adjusted:

It is therefore ordered and adjudged by consent of R. R. Williams, attorney for plaintiff, and Lee & Lee, attorneys for defendant, that the plaintiff take nothing by her action, and that the defendant pay the costs to be taxed by the clerk.          GUY WEAVER, *Judge Presiding.*

We consent: R. R. Williams and Lee & Lee."

The complaint in said action was signed by R. R. Williams, attorney, and was duly verified by the plaintiff therein, Sallie B. Hubbard. The answer was signed by Lee & Lee, and Alfred S. Bernard, attorneys, and was duly verified by the defendant therein, Mabel LaLonde. The judgment does not show that Alfred S. Barnard, one of the attorneys who signed the answer, consented thereto. The pleadings in the action in the General County Court show that the cause of action alleged in the complaint, and the counterclaim alleged in the answer, are founded upon the identical facts alleged in the pleadings in this action.

The plaintiff in this action offered evidence tending to show that Lee & Lee, who consented to the judgment entered in the action in the

General County Court, as her attorneys, were not employed by her to defend said action, but were employed for that purpose by an insurance company, which had issued to plaintiff as the owner of the automobile involved in the collision, a policy of liability insurance; that said attorneys were employed by the insurance company to defend the action in behalf of plaintiff, the defendant in that action, pursuant to the provisions of its policy of insurance; that the plaintiff did not agree or consent to any settlement of any right or cause of action which she had against the plaintiff in said action, who is the defendant in this action; and that R. R. Williams, attorney for the defendant in this action, and Lee & Lee, attorneys for the insurance company in the action in the General County Court, knew when they caused the judgment to be entered in said action that plaintiff had not consented to said judgment.

The judge was of opinion that the evidence offered by the plaintiff to impeach the judgment by consent entered in the General County Court was incompetent, and for that reason declined to consider the said evidence. Upon his intimation that he would hold that the judgment of the General County Court, was a bar to plaintiff's recovery in this action, plaintiff submitted to a voluntary nonsuit, and appealed to the Supreme Court.

*Alfred S. Barnard for plaintiff.*
*R. R. Williams for defendant.*

CONNOR, J. In *Weaver v. Hampton,* 201 N. C., 798, 161 S. E., 480, it is said: "It is settled beyond controversy in this State that a consent judgment is the contract of the parties spread upon the records with the approval and sanction of a court of competent jurisdiction, and that such contract cannot be modified or vacated without the consent of the parties thereto, except for fraud or mistake, and that in order to vacate such judgment, an independent action must be instituted, *Board of Education v. Commissioners,* 192 N. C., 274, 134 S. E., 852, *Morris v. Patterson,* 180 N. C., 484, 105 S. E., 25."

In that action a consent judgment relied on by the defendants as a bar to plaintiff's recovery was set up in the complaint, and attacked directly, for fraud. Defendant's demurrer to the complaint was overruled by the trial judge. On defendant's appeal to this Court, it was held that the demurrer was properly overruled. In this action the consent judgment relied on by defendant as a bar to plaintiff's recovery on the cause of action alleged in her complaint, was not set up in the

complaint for purposes of attack. No attack was made by plaintiff on the consent judgment by a reply to the new matter contained in the answer. At the trial, for the first time, plaintiff sought to impeach the judgment, collaterally. This she could not do. *Morris v. Patterson, supra.* There was no error in the refusal of the judge to consider the evidence offered by plaintiff at the trial of this action for the purpose of impeaching the consent judgment entered in the action in the General County Court. The consent judgment is binding on the parties to the action in which it was entered, until modified or set aside by consent, or until vacated for fraud or mistake by judgment in an independent action.

The judgment on its face is a bar to plaintiff's recovery in this action. It appears from the judgment that all matters in controversy between the parties to the action in the General County Court, had been settled and adjudged by consent. These matters, as shown by the pleadings, are identical with the matters involved in this action. Plaintiff's consent to the judgment is shown by the action of her attorneys of record, acting in her behalf. The fact that one of her attorneys of record did not sign the judgment does not affect its validity, as a consent judgment. Although she was advised that the judgment, purporting on its face to be with her consent, would be entered in the action, she did not make known to the court in person or by counsel any objection to the judgment on her part. For this reason *Hoel v. White,* 169 N. C., 640, 86 S. E., 569, has no application to the instant case.

There was no error in the intimation of the judge that he would hold as a matter of law that the consent judgment in the General County Court is a bar to plaintiff's recovery in this action.

Affirmed.