GERTRESE V. HOLDEN v. GLEOLIA HAYES ROGERS HOLDEN.

(Filed 21 November, 1956.)

**1. Appeal and Error § 19—**

Exceptions which appear nowhere in the record except under the purported assignments of error will not be considered.

**2. Appeal and Error § 21—**

Even in the absence of any exceptions or when no exceptions have been preserved, the appeal itself will be taken as an exception to the judgment, which presents the question whether error appears on the face of the record.

**3. Judgments §§ 1, 4: Divorce and Alimony § 15½—Consent judgment for support entered in action for divorce a mensa may not be set aside except by consent.**

A consent judgment, entered in a husband's action for divorce *a mensa*, providing for division of property, for the payment of a stipulated sum by the husband monthly for the use of the wife, and for the payment of a stipulated sum by the husband for the support of a minor child of the marriage, is merely a contract between the parties entered into with the sanction of the court, the court not having decreed that the husband should make the payments therein stipulated, and, except as to the support of the minor child, such judgment is final and terminates the action, and may not be set aside except by consent of the parties in the absence of a finding that its provision for the division of the property and for the wife's support were unfair to her or that her consent thereto was obtained by fraud or mutual mistake.

**4. Judgments § 25—**

The procedure to set aside a consent judgment for fraud or mutual mistake is by independent action.

**5. Divorce and Alimony § 16: Contempt of Court § 2b—**

A consent judgment for the payment of a stipulated sum monthly for the support of the wife and for division of the property entered prior to the 1955 amendment to G.S. 50-16 in the husband's action for divorce *a mensa*, in which the wife does not pray for a divorce *a mensa*, and in which no divorce *a mensa* is granted, cannot be more than a contract between the parties, and the husband cannot be punished as for contempt if he breaches such agreement. G.S. 5-8.

**6. Divorce and Alimony § 15½—Where action for divorce a mensa is terminated by consent judgment for support, court may not enter further order for support.**

Where, in a husband's action for divorce *a mensa*, the parties enter into a consent judgment providing that the parties should continue to live separate and apart and stipulating that the husband should pay a designated sum monthly for the support of his wife and a designated sum for the support of the minor child of the marriage, *held*, the consent judgment terminates the action in regard to the wife, and therefore in regard to support for the wife such judgment may not thereafter be modified by a judge of the Superior Court without the consent of the parties, nor may the court enter a judgment for the support of the wife in direct conflict therewith, since there is no action pending in which such judgment may be entered.

**7. Divorce and Alimony §§ 12, 15—**

Neither alimony *pendente lite* nor permanent alimony may be awarded unless there is an action pending in which verified pleadings have been filed and in which the wife has alleged facts at least sufficient to meet the requirements of the statute for divorce *a mensa et thoro*. G.S. 50-16.

**8. Appeal and Error § 12—**

An order directing the husband to pay stipulated sums monthly for the support of the wife may not be entered pending an appeal by the husband to a like order theretofore entered in the cause, nor may jurisdiction be conferred on the Superior Court pending the appeal by consent of the parties, and when such order is entered prior to the withdrawal of the appeal, the order is void.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Hobgood, J.,* at Chambers in Louisburg, North Carolina, on 14 April 1956. From FRANKLIN.

This action was instituted by the plaintiff on 23 December 1953 against the defendant for a divorce from bed and board.

The plaintiff and defendant were married in 1945. A son, Carroll Cecil Holden, was born of this marriage on 20 February 1946.

The defendant denied the pertinent allegations of the complaint and alleged in her further answer and for affirmative relief certain misconduct of the plaintiff. However, she did not ask for a divorce from bed and board, but for permanent alimony and support for herself and child; that certain property be awarded to her and that she be awarded permanent custody of the child born of the marriage.

At the April 1954 Criminal Term of the Superior Court of Franklin County the parties tendered to Judge Henry L. Stevens, Jr., holding the court, a consent judgment. The judgment recites that the matters and things in controversy have been amicably settled and agreed upon as hereinafter set forth:

"Now THEREFORE, it is, by consent of the plaintiff and the defendant and their attorneys, ORDERED, ADJUDGED AND DECREED:

"1. That on October 2, 1953, the plaintiff Gertrese Van Holden and the defendant Gleolia Hayes Rogers Holden by mutual agreement and consent, separated from each other and have since that date continued to live separate and apart from each other, and it is their purpose, intent and desire to so continue to live separate and apart each from the other as fully and completely and in the same manner and to the same extent as though they had never been married.

"2. That the care, custody and tuition of Carroll Cecil Holden, minor son of the plaintiff and defendant, who was born on 20 February 1946 be, and the same is hereby, awarded to the defendant Gleolia Hayes Rogers Holden, subject to the further orders of this court.

"3. That the parties have agreed that the plaintiff shall pay into the office of the Clerk of the Superior Court of Franklin County monthly the sum of $50.00 for the support of the defendant Gleolia Hayes Rogers Holden so long as plaintiff and the defendant shall remain husband and wife, said payments to be made not later than the 15th day of each calendar month commencing with the 15th day of May 1954; that the parties have further agreed that the plaintiff shall pay to the office of the Clerk of the Superior Court of Franklin County monthly the sum of $50.00 for the support and maintenance of his minor child Carroll Cecil Holden, said payments to be made not later than the 15th day of each calendar month, commencing with the 15th day of May 1954, and are to be paid over by said Clerk to the defendant Gleolia Hayes Rogers Holden for the use, support and maintenance of said Carroll Cecil Holden, and subject to further orders of this court regarding the support of said child.

"4. That plaintiff and defendant have agreed upon a mutual division of the real and personal property belonging to them jointly, by which agreement the defendant shall receive, have and keep a washing machine, a living room suite, consisting of sofa, mirror and chair, and a

chest of drawers, which was a part of a bedroom suite, and that the plaintiff is to keep and retain the remaining articles of personal property now in his possession and described and referred to in the Writ of Claim and Delivery issued in this cause; and the bonds given by the plaintiff and the defendant in the Claim and Delivery in this cause are hereby dissolved and released.

"5. That all real property owned by the plaintiff and defendant as tenants by the entirety, including a tract or parcel of land on Pettigrew Street in the City of Raleigh, North Carolina, shall be sold under orders of the Clerk of the Superior Court of Wake County, North Carolina, in the manner provided by law for judicial sales for partition of real estate, and the net proceeds of said sale shall be paid one-half to the plaintiff and one-half to the defendant, except that from the plaintiff's one-half of said net proceeds there is to be, and shall be, deducted therefrom and paid to the defendant the sum of $421.75."

On 12 September 1955 the defendant caused an order and notice to be served on the plaintiff, notifying him to show cause, if any, why he should not be adjudged in contempt of court for failure to comply with the terms of the judgment entered on 13 April 1954. The notice also requested the plaintiff to show cause why the allowance for the support of the minor child and the alimony for the support of defendant should not be increased.

A hearing pursuant to the above notice and order was held on 1 October 1955. The court did not find the plaintiff in contempt, but ordered and decreed that *"pendente lite* the plaintiff, Gertrese Van Holden, be, and he is hereby ordered and required to pay to the Clerk of the Superior Court of Franklin County a monthly sum of $150.00 for eighteen months, beginning on the 15th day of October 1955, and, thereafter, a monthly sum of $100.00 on the 15th day of each succeeding month, all for the support and maintenance of the defendant, Gleolia Hayes Rogers Holden and Carroll Cecil Holden, the minor son of plaintiff and defendant, the said sum to be delivered by said Clerk of Superior Court to Gleolia Hayes Rogers Holden for the benefit and support of herself and the minor child, Carroll Cecil Holden, and pay to Charles P. Green and G. M. Beam the sum of $300.00 as a payment on their fees for legal services in this matter."

The plaintiff gave notice of appeal to the Supreme Court and docketed his appeal in said Court on 17 October 1955. Thereafter, while the case was pending in the Supreme Court, the parties hereto agreed that the judge holding the November-December 1955 Term of the Superior Court of Franklin County might hear the evidence, without a jury, find the facts and enter judgment in said cause. The judge purported to strike out the judgment entered by him on 1 October 1955 and proceeded

to award alimony in the sum of $700.00, payable in monthly install-ments of $75.00, beginning on 10 April 1956 through May, October, November and December 1956, and January, February, March and April 1957, and the balance of $25.00 on 10 May 1957, and counsel fees to defendant's counsel in the sum of $300.00, payable in four equal installments of $75.00 each, beginning with 10 December 1955 and each month thereafter through March 1956. The judgment further decreed that upon the payment of the monthly sums fixed therein, such pay-ments would constitute a complete settlement of all obligations of the plaintiff to the defendant for her support or alimony, present, past, or prospective, including counsel fees allowed to defendant's counsel. This judgment was signed and filed on 1 December 1955. On the 5th day of December 1955, the parties filed a motion in the Supreme Court re-questing permission to withdraw the appeal in this cause, which was still pending in said Court. The motion was allowed on 13 December 1955.

The defendant thereafter filed a petition and affidavit in the Superior Court of Franklin County on 23 March 1956, alleging that the plaintiff was in arrears in his payments in the sum of $275.00 under the terms of the judgment entered on 1 December 1955, and prayed the court that plaintiff be ordered to show cause, if any, why he should not be held in contempt of court for failure to comply with that order. Pursuant thereto, the Honorable Hamilton H. Hobgood, Resident Judge of the Ninth Judicial District, ordered the plaintiff to appear before him in Chambers on the 31st day of March 1956 (continued to 14 April 1956), at 10:00 a.m., at the courthouse in Louisburg, and show cause, if any, why he should not be adjudged in contempt of court for failure to com-ply with the terms of the judgment entered on 1 December 1955.

The plaintiff filed an answer to the petition, admitted he was in arrears in his payments in the sum of $275.00 and denied all other alle-gations therein. As a further answer, the plaintiff alleged that pursuant to the consent judgment entered by Judge Stevens in April 1954, he had released to the defendant his interest in over $3,000.00 in real estate and over $1,000.00 in personal property; that he had at all times pro-vided adequately for the support and maintenance of his child, Carroll Cecil Holden, and had attempted to comply with all other judgments entered in this cause but had been prevented from doing so because of the excessive expense in defending himself in this litigation. He prayed the court that he not be held in contempt; and moved that the judg-ments entered on 1 October and 1 December 1955 be declared void and that they be set aside.

The court found as a fact that the plaintiff was not in arrears in his payments for the support of his child, but that he was in arrears in the sum of $300.00 in his payments on counsel fees and alimony to his wife;

and that he was financially able to make these payments. The court thereupon found the defendant in contempt of court for willful failure to comply with the order entered on 1 December 1955 and sentenced him to thirty days in jail or until he complies in full with the order entered on 1 December 1955, together with the costs of the hearing and the sum of $150.00 attorney fees to defendant's counsel for their legal services in this contempt hearing.

Plaintiff appeals, assigning error.

*W. B. Nivens for plaintiff.*
*Gaither M. Beam and Charles P. Green for defendant.*

DENNY, J.  The appellant in his case on appeal undertakes to set out six assignments of error based on a like number of exceptions. However, the exceptions appear nowhere in the record except under the purported assignments of error. Such exceptions are worthless and will not be considered on appeal. Even so, in the absence of any exceptions, or when exceptions have not been preserved in accord with the requirements of our Rules, the appeal will be taken as an exception to the judgment. *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223. Consequently, as pointed out by the appellee, in view of the state of the record in this appeal, we are limited to the question whether or not error appears on the face of the record.

It is apparent the appellee has not taken into consideration the contents and effect of the consent judgment entered on 13 April 1954. That was a final judgment in every respect except as to the minor child. The question of the custody of the minor child and the sufficiency of the amount agreed upon for the support of such child were not final but made subject to the further orders of the court. The judgment merely sets out the payments agreed upon for the support of the defendant as well as those for the support and maintenance of the minor child, and the court did not decree that the payments should be made by the plaintiff. In this respect, the judgment constitutes nothing more than a contract between the parties. *Davis v. Davis,* 213 N.C. 537, 196 S.E. 819. Therefore, as to the defendant, in the absence of a finding that the agreement incorporated in the judgment, providing for a division of the property and for her support, was unfair to her, or that her consent thereto was obtained by fraud or mutual mistake, such judgment cannot be set aside except by consent of the parties. *Spruill v. Nixon,* 238 N.C. 523, 78 S.E. 2d 323; *Luther v. Luther,* 234 N.C. 429, 67 S.E. 2d 345; *Lee v. Rhodes,* 227 N.C. 240, 41 S.E. 2d 747; *King v. King,* 225 N.C. 639, 35 S.E. 2d 893.

It is a well settled principle of law in this jurisdiction that ordinarily a consent judgment cannot be modified or set aside without the consent

of the parties thereto, except for fraud or mutual mistake, and in order to vacate such order, an independent action must be instituted. *Spruill v. Nixon, supra; King v. King, supra; LaLonde v. Hubbard,* 202 N.C. 771, 164 S.E. 359; *Weaver v. Hampton,* 201 N.C. 798, 161 S.E. 480; *Bd. of Education v. Commissioners,* 192 N.C. 274, 134 S.E. 852; *Morris v. Patterson,* 180 N.C. 484, 105 S.E. 25.

In support of the conclusion we have reached with respect to the judgment entered 13 April 1954, we call attention to the fact that at the time such judgment was entered Judge Stevens had no power to enter a decree awarding permanent alimony in this cause. Prior to the enactment of Chapter 814, 1955 Session Laws, now codified as a part of G.S. 50-16, permanent alimony could not be granted in an action for divorce *a mensa* unless such divorce was granted.

In the case of *Silver v. Silver,* 220 N.C. 191, 16 S.E. 2d 834, this Court held that permanent alimony under C.S. 1665, now G.S. 50-14, could be allowed only upon a decree of divorce *a mensa* and that a decree allowing permanent alimony, when unsupported by a judgment for divorce *a mensa,* cannot be sustained.

The defendant in her answer to the complaint in this action did not pray the court for a divorce *a mensa* and none was granted. Therefore, it appears upon the face of the record that the judgment entered on 13 April 1954 is nothing more than a contract between the parties and is in full force and effect, and if breached the plaintiff is not punishable for contempt under G.S. 5-8. *Luther v. Luther, supra; Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118; *Brown v. Brown,* 224 N.C. 556, 31 S.E. 2d 529; *Davis v. Davis, supra.*

A careful examination of the record discloses that the motion which culminated in the judgment entered 1 October 1955 and the judgment entered 1 December 1955 only involved a request for alimony and counsel fees. Nowhere is it indicated or found that the plaintiff was at any time in arrears in his payments for the support of his child, as provided in the consent judgment. Furthermore, in the order signed on 14 April 1956, from which this appeal is taken, the Clerk of the Superior Court of Franklin County testified that the plaintiff was not in arrears in his allowance to his minor child, and the court so found.

We hold that all matters pertaining to the support of the defendant, Gleolia Hayes Rogers Holden, which were raised in the original pleadings in this cause, were settled by the consent judgment, and that they are *res judicata.* Therefore, the original action has not been pending since the entry of the consent judgment on 13 April 1954, for any purpose, except as to the custody and support of the minor child born of the marriage. Consequently, a judge of the Superior Court does not have the power to modify the consent judgment entered in this cause with respect to the support of the defendant without the consent of the

parties. They are remitted to their rights and liabilities under the contract. *Lentz v. Lentz,* 193 N.C. 742, 138 S.E. 12; *s. c.,* 194 N.C. 673, 140 S.E. 440; *Turner v. Turner,* 205 N.C. 198, 170 S.E. 646.

*Brogden, J.,* concurring in the opinion of the Court involving a consent judgment in the case of *Brown v. Brown,* 205 N.C. 64, 169 S.E. 818, said: "Public policy recognizes the right of a wife to contract with her husband with reference to mutual property or with reference to separation agreements based upon mutual release of property rights. If the right of alimony and counsel fees is a property right, growing out of marriage, and the wife has the power to contract and does contract with reference thereto, with the approval and sanction of a court, then it would seem that a judge had no discretion in the matter. Discretion exists only when a matter is open for negotiation and not precluded by a provision of the law or a valid agreement of the parties. Consequently, I am of the opinion that the trial judge had neither the power nor the discretion to dip his hand into a pocket which was protected by a valid contract of a person under no disability and under the solemn sanction of the judgment of a court of competent jurisdiction."

In the case of *Bd. of Education v. Commissioners, supra,* a consent judgment was entered. Thereafter, a judgment was entered purporting to set aside the consent judgment without the consent of the parties to the action. This Court held the judgment vacating the consent judgment was ineffectual.

Likewise, in *Ellis v. Ellis,* 193 N.C. 216, 136 S.E. 350, this Court said: "A judgment or decree entered by consent is not a judgment or decree of the court, so much as the judgment or decree of the parties, entered upon its record with the sanction and permission of the court, and being the judgment of the parties which cannot be set aside or entered without their consent."

If the legal effect of a consent judgment is such that a judge of the Superior Court cannot modify it or set it aside without the consent of the parties, logic and reason support the view that a judge of the Superior Court is without power to enter an effective judgment in direct conflict therewith. Furthermore, since this action is no longer pending on the question of support, the purported judgments entered on 1 October 1955, 1 December 1955, and 14 April 1956 are supported neither by an action instituted and pending in the Superior Court of Franklin County nor by any pleadings filed therein.

We construe the provisions of G.S. 50-16, as amended, to require as a prerequisite to the awarding of alimony *pendente lite,* or permanent alimony, the pendency of an action in which verified pleadings have been filed and in which the wife has alleged facts at least sufficient to meet the requirements of the statute for divorce *a mensa et thoro. Ollis v. Ollis,* 241 N.C. 709, 86 S.E. 2d 420; *Ipock v. Ipock,* 233 N.C. 387,

64 S.E. 2d 283; *Bateman v. Bateman,* 232 N.C. 659, 61 S.E. 2d 909; *McManus v. McManus,* 191 N.C. 740, 133 S.E. 9; *Price v. Price,* 188 N.C. 640, 125 S.E. 264.

The judgments complained of herein show upon the face of the record that they purport to rest upon the pleadings in an action that had been terminated by a consent judgment, which is *res judicata* as to the identical matters the defendant thereafter sought to relitigate.

Therefore, we hold that the judgment entered on 1 October 1955 was invalid and unenforceable. Furthermore, if the judge of the Superior Court had been clothed with power to enter such judgment, upon appeal therefrom to the Supreme Court the Superior Court was without jurisdiction to enter the purported judgment dated 1 December 1955, the appeal not having been withdrawn until 13 December 1955. *Shaver v. Shaver,* 244 N.C. 311, 93 S.E. 2d 615; *Harris v. Fairley,* 232 N.C. 555, 61 S.E. 2d 619; *Lawrence v. Lawrence,* 226 N.C. 221, 37 S.E. 2d 496; *Ridenhour v. Ridenhour,* 225 N.C. 508, 35 S.E. 2d 617; *Vaughan v. Vaughan,* 211 N.C. 354, 190 S.E. 492.

It is equally clear that the judgment entered on 1 December 1955 could not be upheld on this record had there been no appeal from the October judgment, since the matter sought to be adjudicated had been settled by a consent judgment which was and still is in full force and effect. Furthermore, parties cannot confer jurisdiction by consent upon the Superior Court while a permissible appeal from that court is pending in the Supreme Court.

Consequently, the purported judgments entered on 1 October 1955 and 1 December 1955 are ineffective and they are hereby set aside. It follows, therefore, that the order entered 14 April 1956, adjudging the plaintiff in contempt for failure to comply with the terms of the judgment entered 1 December 1955 and taxing him with the costs and counsel fees in such hearing, is likewise ineffectual and the same is reversed and set aside.

Reversed.

JOHNSON, J., not sitting.